**William W. THOMAS and Mary Katherine Thomas, Respondents,**

v.

**Barbara Ruth FRAZIER, Appellant.**

**No. WD 32090.**

Missouri Court of Appeals,
Western District.

Dec. 29, 1981.

William A. Shull III, Warrensburg, Dale K. Irwin, Kansas City, for appellant.

Edgar S. Carroll, Warrensburg, for respondent.

Before CLARK, P. J., and PRITCHARD and WASSERSTROM, JJ.

CLARK, Presiding Judge.

This appeal presents the question of whether the circuit judge is without jurisdiction to review by trial de novo a cause heard by the associate circuit judge if the clerk serving the associate circuit judge has failed to mail notice to the opposing parties of the application for trial de novo within fifteen days.

Respondents Thomas as plaintiffs had judgment against appellant Frazier initially on January 11, 1980 for personal injuries and property damage. On January 21, 1980, Frazier filed an application for trial de novo, the appropriate notice for transfer of the case to the circuit judge. Section 512.190, RSMo 1978 requires the clerk serving the associate circuit judge to mail a copy of the application to opposing parties within fifteen days after the judgment was entered. Thus, if the party seeking de novo review takes the maximum time of ten days to file his application, the clerk yet has five days more to accomplish the mailing. For reasons not related in this record, the clerk

did not mail a copy of the Frazier application for trial de novo to respondents Thomas until long after the statutory period was past, the copy in fact having been received some sixty days later.

The case was routinely transferred by the associate circuit judge to the circuit court judge where Thomas moved for dismissal on the ground of untimely notice. Thomas contended, and the trial court agreed, that compliance by the clerk with the notice requirement of § 512.190, RSMo 1978 is jurisdictional and without the required mailing of notice to opposing parties within fifteen days, any right to de novo review is lost. Respondents rely particularly on use of the word "shall" in the statutory description of the clerk's duty, an indication that the legislature intended the condition be mandatory rather than directive. They cite *Owl Drug Co. v. Frank E. Whalen Advertising Co.*, 156 S.W.2d 777 (Mo.App.1941) and *Randolph v. Supreme Liberty Insurance Co.*, 195 S.W.2d 115 (Mo.App.1946), cases which construe §§ 2741, 2742 and 2743, RSMo 1939 applicable to appeals from justice courts, and *Rickermann Auto Body, Inc. v. Laughlin*, 526 S.W.2d 934 (Mo.App.1975), a case which held that filing and service of the notice of appeal was indispensable to an appeal from the magistrate court under § 512.190, RSMo 1969.

The parties have cited no case construing this aspect of the present statute, § 512.190, RSMo 1978, and independent research has disclosed none. The question is therefore one of first impression; subject, however, to resolution by comparison of the present and former statutes and application of settled principles. On this analysis, we conclude the statutory obligation upon the clerk is directory, not mandatory, and that the litigant does not forfeit entitlement to the review process by neglect of the court functionary to perform the clerical task.

Commencing the legislative history of statutes providing for appeal from state trial courts of limited jurisdiction with the 1939 revisions, § 2741, RSMo 1939 required the party appealing from a judgment rendered by a justice of the peace to serve the opposing party, at least ten days before the first day of the term at which the cause was to be determined, with notice that appeal had been taken. In the absence of such notice, § 2742, RSMo 1939 provided the opposing party with the option of proceeding to trial at the first term or continuing the cause to the next succeeding term but, in either event, the appeal remained viable. Were there again a failure to give notice before the second term, however, § 2743, RSMo 1939 directed that the appeal be dismissed or the judgment affirmed, at the option of the appellee.

*Owl Drug Co. v. Frank E. Whalen Advertising Co., supra* holds that service of notice in the manner and within the time specified in the 1939 statute is jurisdictional and is not relieved by showing actual notice or acknowledgment of service out of time. *Randolph v. Supreme Liberty Insurance Co., supra* adds the qualification that absent the statutory notice, the circuit court acquires jurisdiction over the cause but not jurisdiction over the person of the opposing party. It is particularly significant to note that the relevant statute controlling in *Owl Drug* and *Randolph*, § 2743, RSMo 1939, expressly provides the penalty for failure of the appealing party to give the required notice.

Laws of Mo.1945 repealed §§ 2727, 2741, 2742 and 2743, RSMo 1939, and enacted § 130 of S.B. 207, Laws of Mo.1945, p. 765 in lieu thereof (§ 512.190, RSMo 1949). The comprehensive new section significantly altered the appeal procedure. Under § 512.190, RSMo 1949, appeal from the judgment of a magistrate was accomplished by filing a notice of appeal with the magistrate who was thereupon obligated to mail a copy of the notice to the clerk of the circuit court and to the opposing party within fifteen days following rendition of the original judgment. Former provisions for service of the notice by the appellant and dismissal of the appeal if timely notice was not given were deleted.

*Rickermann Auto Body, Inc. v. Laughlin, supra* involved construction of § 512.190, RSMo 1969 which was then in the same

form as adopted in the 1945 revision. The case arose upon dismissal of an appeal from the magistrate court on the ground that the notice of appeal failed to name one of the parties to the action, Fireman's Fund Insurance Co. While the opinion reversed the trial court and ordered the appeal reinstated on the basis that Fireman's Fund had actual notice of the appeal, the opinion included the statement, "Indispensable to the magistrate appeal is the filing and service of notice of appeal," and cited as authority the *Owl Drug* and *Randolph* cases. Respondents Thomas rely on this statement as authority for survival of the punitive consequences formerly appearing in the 1939 statute and applicable where service of notice on opposing parties is untimely or defective.

The difficulty with recourse to *Rickermann* as controlling in the present case is twofold. In the first place, there was no question in *Rickermann* as to timeliness of transmitting the notice of appeal to the adverse parties and, hence, the court's comment that service of notice was indispensable is dicta. Secondly, the *Owl Drug* and *Randolph* citations were inapposite because the statutory provision for dismissal of an appeal from the justice court for want of timely notice on which those cases depended had been repealed. Moreover, the *Rickermann* opinion concluded by holding that the procedural requirements of § 512.190, RSMo 1969 should be liberally construed and that substantial compliance by actual notice to Fireman's Fund in place of formal service was sufficient.

The present § 512.190, RSMo 1978 includes additional revisions not only reflecting the new designation of the associate circuit court, but the insertion of the following sentence: "The right of a new trial provided in subsection 1 of section 512.180 shall be *perfected* by filing an application for trial de novo with the clerk serving the associate circuit judge within ten days after the judgment is rendered." (Emphasis added.) The former § 512.190, RSMo 1969 read: "A party or his agent may appeal from a judgment by filing notice of appeal with the magistrate within ten days after the judgment is rendered."

The primary rule of statutory construction is to ascertain the intent of the lawmakers from the language used, to give effect to that intent if possible and to consider the words used in their plain and ordinary meaning. *City of Willow Springs v. Missouri State Librarian*, 596 S.W.2d 441, 445 (Mo.banc 1980). The legislature is not to be charged with having performed a meaningless act and a change in a statute is therefore assumed to have been intended to have some effect. *Press-Journal Publishing Co. v. St. Peters Courier-Post*, 607 S.W.2d 453, 457 (Mo.App.1980). The legislature is presumed to know the judicial construction of a prior act, therefore an amendment substituting a new phrase for the one previously construed indicates that a different interpretation should be given to the new phrase. *May Department Stores, Inc. v. Supervisor of Liquor Control*, 530 S.W.2d 460, 468 (Mo.App.1975).

Employing these guides in the survey of legislative history described above, it follows that the jurisdictional component of appeals from the justice court before 1945 requiring timely service of notice upon the opposing party as held in the *Owl Drug* and *Randolph* cases was eliminated when the legislature enacted the revisions in Laws of Mo.1945. No other meaning may be ascribed to the content of § 512.190, RSMo 1949 where the provision for dismissal of appeals for lack of timely notice to opponents was deleted. If there be any substance to the comments in *Rickermann* indicative of adherence to the former rule despite the change in the statute, the intent of the legislature is additionally expressed in the 1978 revision, presumably adopted with knowledge of the opinion in *Rickermann*. That further revision specifically designates the timely filing of notice with the court as the single requisite to a perfected appeal. Thus, failure of the associate circuit court clerk to mail the notice of application for trial de novo to opposing parties is not alone a sufficient ground to dismiss the case.

The judgment is reversed and the cause is remanded for further proceedings.

All concur.