**John O'FLAHERTY, et al., Appellants,**

v.

**STATE TAX COMMISSION OF MISSOURI, Respondent.**

No. 65845.

Supreme Court of Missouri,
En Banc.

Nov. 20, 1984.
Rehearing Denied Dec. 18, 1984.

Michael F. Dandino, Kansas City, for appellants.

John Ashcroft, Atty. Gen., Melodie A. Powell, Asst. Atty. Gen., Jan Hemm Pritchard, Asst. Counsel, Thomas R. Schwarz, Jr., Counsel, State Tax Com'n, Jefferson City, for respondent.

BILLINGS, Judge.

■ The determinative question in this case is whether a county tax assessor has standing under §§ 138.110 or 138.430, RSMo 1978 [1] to appeal to the State Tax Commission the ruling of a local county board of equalization. We hold the assessor lacks standing and affirm.

In 1983 the Jackson County Assessor [hereinafter, the County Assessor], assessed certain property owned by the Allis-Chalmers Corporation. Dissatisfied with the assessment of its property, Allis-Chalmers appealed to the Jackson County Board of Equalization [2] [hereinafter, the County Board]. In accord with its statutory authority under § 138.060, RSMo 1978, the County Board heard the appeal and issued a new assessment that was lower than the one made by the County Assessor.

On August 15, 1983, the County Assessor appealed to the State Tax Commission from the County Board's ruling. Based upon its interpretation of § 138.430, and relying upon prior decisions of this Court, the State Tax Commission determined there was no statutory authority under which the County Assessor could appeal to the State Tax Commission. Consequently, the State Tax Commission refused to entertain the appeal.

One month later, the County Assessor and Jackson County—pursuant to Missouri's Administrative Procedure Act, § 536.-100, RSMo 1978—filed a petition for judicial review of the State Tax Commission's ruling in the Circuit Court of Jackson County. The State Tax Commission filed an answer and moved for summary judgment. After concluding that the County Assessor lacked the statutory authority under § 138.430 to appeal to the State Tax Commission from the ruling of the County Board, the circuit court sustained the motion for summary judgment. This appeal followed.

Appellants rely upon § 138.110 to support their contention that the county tax assessor of a first class county has the right to appeal to the State Tax Commission. This reliance is misplaced because § 138.430 is the only statutory provision that authorizes and delineates who may appeal to the State Tax Commission from the ruling of a local county board of equalization.

■ Section 138.430—which the State Tax Commission and the court below both relied upon to determine that the County Assessor could not appeal the County Board's ruling—has not gone unnoticed by appellants; however, they contend that § 138.110 is a specific statute that applies only to first class counties and should therefore control over the more general character of § 138.430. This argument is grounded on the well-established rule of statutory construction that where one statute deals with a particular subject in a general way, and a second statute treats a part of the same subject in a more detailed way, the more general should give way to the more specific. *State ex rel. McKittrick v. Carolene Products Co.*, 346 Mo. 1049,

1. Section 138.110, RSMo 1978 which is entitled, "Complaints to be filed with State Tax Commission, when (first class counties)", reads as follows:

Complaints as to rulings of the county board of equalization in such counties shall be filed according to law with the state tax commission not later than August fifteenth of the year in which such ruling was made.

Section 138.430, RSMo 1978 provides:

Every owner of real property or tangible personal property and every merchant and manufacturer shall have the right of appeal from the local boards of equalization under rules prescribed by the state tax commission. Said commission shall investigate all such appeals and shall correct any assessment which is shown to be unlawful, unfair, improper, arbitrary or capricious.

In 1983, a new § 138.430 was enacted. Section 138.480, RSMo Supp.1983 became effective September 28, 1983; however, this case is governed by § 138.430, RSMo 1978, and all references to § 138.430 will be to the earlier version of the statute. It should be pointed out that the changes effected in the most recent version have no bearing at all upon the outcome of this decision.

2. Section 137.275, RSMo 1978 gives every person who thinks himself aggrieved by the assessment of his property the right to appeal to the county board of equalization.

1050, 144 S.W.2d 153, 156. *See also* 2 A.J. Sutherland, Statutes and Statutory Construction § 51.05 (4th ed. D. Sands ed. 1973).

Of these two statutes, only § 138.430, in plain and unambiguous language confers upon certain persons the authority to appeal from their local county boards of equalization to the State Tax Commission. In sharp contrast, § 138.110 confers absolutely no rights upon any person or class of persons: it merely informs those persons who have the authority to appeal that if they intend to appeal the ruling of a board of equalization located in a first class county, they must file their appeals according to law and not later than August fifteenth of the year in which the ruling was made.[3]

The rule of statutory construction urged upon us by appellants is generally applied only when the two statutes under consideration are in conflict and in no way can be harmonized. *Laughlin v. Forgrave*, 432 S.W.2d 308, 313 (Mo. banc 1968). Our reading of these two statutes has uncovered no conflict between them and we think when read together they do in fact evidence but one consistent legislative policy. Appellants are correct that § 138.110 is specific and applies only to first class counties, but only in respect to the time in which an appeal must be filed—not as to who has the authority to bring an appeal.

■ Ascertainment of legislative intent is the primary goal of statutory construction.[4] In keeping with this rule of statutory construction, we cannot adopt the argument of appellants that § 138.110 confers authority upon a first class county tax assessor to appeal to the State Tax Commission from the ruling of a local county board of equalization. To do so would require us to "impress upon this statute by judicial construction an intent and application neither expressly nor inferentially intended by the legislature." *State ex rel.*

*Rybolt v. Easley*, 600 S.W.2d 601, 606 (Mo. App.1980).

■ Next, we consider whether § 138.-430 vests in the County Assessor the authority to appeal to the State Tax Commission the ruling of a local county board of equalization. We think not.

In *State ex rel. St. Francis County School District R–III v. Lalumondier*, 518 S.W.2d 638, 640 (Mo. banc 1975), we were presented with the question whether a school district has standing to obtain a review of the decision of a county board of equalization which failed to increase an alleged underassessment of the real estate of a taxpayer. We held that a school district does not have standing to seek such a review. *Lalumondier, supra*, 518 S.W.2d at 643. The rationale of our decision in *Lalumondier* applies with equal force to the present case.

We have the view that if the General Assembly had intended to provide a review of alleged underassessments at the request of a governmental subdivision it would have so provided in Section 138.-430(2) which provides for an appeal by property owners. No doubt such was originally omitted on the theory that public officials would adequately protect the interests of the state and its subdivisions and hence it was only necessary to provide an appeal for property owners who considered the valuation of their property to be excessive.

In *City of Richmond Heights v. Board of Equalization*, 586 S.W.2d 338 (Mo. banc 1979), we were confronted with the issue of whether a city has standing under § 138.-430 to appeal an assessment by a county board of equalization to the State Tax Commission. In finding that a city does not have standing to appeal we observed that the City of Richmond Heights was not a property owner and that the statute "ex-

3. For the time limits applicable to persons in all other counties, *see* § 138.460(2), RSMo 1978, and 12 CSR 30–2.030 [Rescinded, filed December 13, 1984; Replaced by 12 CSR 30–3.010, effective March 12, 1984].

4. *City of Willow Springs v. Missouri State Librarian*, 596 S.W.2d 441, 445 (Mo. banc 1980); *State ex rel. Dravo Corp. v. Spradling*, 515 S.W.2d 512, 517 (Mo. banc 1974).

**156**

pressly grants the right of appeal only to owners, merchants and manufacturers." *City of Richmond Heights, supra,* 586 S.W.2d at 341.

In this connection, it should be noted that the county boards of equalization exist for the benefit and protection of taxpayers who think themselves aggrieved by assessments made by the county tax assessor. Section 137.275, RSMo 1978. If an aggrieved taxpayer does avail himself of his right to appeal, but does not receive the relief to which he deems himself entitled, § 138.430 authorizes him to appeal to the State Tax Commission, if he complies with the rules they have promulgated pursuant to their authority to do so under § 138.430.

If § 138.430 was ambiguous, we would be entitled to utilize the State Tax Commission's interpretation of the statute as a tool for determining legislative intent. *Smith Beverage Co. of Columbia, Inc. v. Reiss,* 568 S.W.2d 61, 67 (Mo. banc 1978). However, we find no ambiguity in § 138.430. We discern no legislative intent, expressed or implicit, in § 138.430 to authorize any person other than a property owning taxpayer to appeal to the State Tax Commission.

Finally, we address appellants' contention that our decisions in *State ex rel. Independence School District v. Jones,* 653 S.W.2d 178 (Mo. banc 1983) and *In re St. Joseph Lead Co. v. State Tax Commission,* 352 S.W.2d 656 (Mo. banc 1961) should lead us to conclude that § 138.110 authorizes the County Assessor to appeal to the State Tax Commission.

In *Jones* we decided only that a school district has standing to seek a declaratory judgment to challenge a statutory interpretation that threatened their statutorily-mandated share of state school funds. *Jones, supra,* 653 S.W.2d at 189. Our decision in *Jones* concerned different issues and different statutes.

In *St. Joseph Lead* we held that a county has the right to seek judicial review in the circuit court of the findings of the State Tax Commission under § 536.100, RSMo 1959. We found that the county was an "aggrieved party" in a "contested case" within the meaning of § 536.100, RSMo 1959. *St. Joseph Lead, supra,* 352 S.W.2d at 661. *St. Joseph Lead* does not sustain appellants' contention.

We conclude that a county assessor is not authorized under either § 138.110 or § 138.430 to appeal to the State Tax Commission from the ruling of a local county board of equalization.

Judgment affirmed.

All concur.