Dear Mr. Koupal:
This opinion is in response to your question asking:
 What is the length of the term for public members appointed to the licensing boards of the Division of Professional Registration?
The answer to your question lies in the interpretation to be placed on Section 620.100, RSMo Supp. 1984, as well as the interpretation placed upon the various enabling statutes relating to each licensing board. The provisions of Section 620.100, RSMo Supp. 1984, were adopted in 1981 as part of House Substitute for House Committee Substitute for Senate Bill No. 16, Eighty-First General Assembly, First Regular Session (hereinafter "Senate Bill No. 16"). Most of the present enabling statutes for the particular licensing boards were also adopted as part of Senate Bill No. 16 in 1981. As more fully set out below, not all such enabling legislation has remained unchanged since 1981.
Section 620.100, RSMo Supp. 1984, provides:
 1. Nothing in this act is intended, nor shall it be construed, to affect the continuity of any board or commission or any fund of any board or commission. No term of any member of any board or commission shall be affected by this act.
 2. No public member added to any board or commission by this act shall be appointed prior to July 1, 1982, and the initial public member on each board or commission shall be appointed prior to September 1, 1982. All provisions of this act relating to the appointment, responsibilities and terms of office of public members as specified in this act shall terminate on September 1, 1986.
 3. No public member added to any board or commission by this act shall be appointed prior to July 1, 1982, and the initial public member on each board or commission shall be appointed prior to September 1, 1982.
 4. Nothing in this act is intended, nor shall it be construed, to affect the license or registration of any person regulated by a board assigned to the division of professional registration.
 5. The provisions of subsections 1 through 3 of this section shall terminate on September 1, 1982.
Subsection 2 of this section provides in part that "[a]ll provisions of this act relating to the appointment, responsibilities and terms of office of public members as specified in this act shall terminate on September 1, 1986." That subsection tends to indicate that the positions of public members of licensing boards established under Senate Bill No. 16 terminate on September 1, 1986. If no provisions other than those in subsection 2 existed, it would appear that the public member position on licensing boards was an experiment and failure of the legislature to pass legislation continuing those positions would result in termination of those positions.
However, subsection 5 of this section provides: "The provisions of subsections 1 through 3 of this section shall terminate on September 1, 1982." The initial "sunset" provisions in subsection 2 may have themselves been "sunsetted" by the provisions of subsection 5.
We are cognizant of the statutory rule of construction that provisions of statutes are to be construed to give each section meaning, if possible. See State v. Sweeney, 701 S.W.2d 420,423 (Mo. banc 1985); Brown Group, Inc. v. AdministrativeHearing Commission, 649 S.W.2d 874, 881 (Mo. banc 1983). To give force and effect to subsection 5 of Section 620.100, RSMo Supp. 1984, would result in nullifying the provisions of subsection 2 relating to the termination of the positions of public members. However, by not construing subsection 5 to "sunset" the provisions in subsection 2 would make the provisions of subsection 5 of no force or effect.
In the various chapters establishing licensing boards, each board has been established through enabling legislation, e.g.,
Sections 326.160, 327.031 and 332.021, RSMo. The enabling legislation was amended in 1981 under Senate Bill No. 16 establishing the public members for the various licensing boards. The terms of office for the public members of the various licensing boards vary from three to five years. The terms for the Board of Chiropractic Examiners and the Advisory Committee for Professional Counselors are three years, while the terms for the Board of Accountancy, Missouri Dental Board, Board of Embalmers and Funeral Directors, Board of Optometry, Board of Pharmacy, State Committee of Psychologists, and Missouri Real Estate Commission are five years. All other boards' terms are four years. See Sections 326.160, 327.031, 328.030, 329.190,330.110, 331.090, 332.021, 333.151, 334.120, 335.021, 33.130,337.050, 337.535, 338.110, 339.120, 340.120, and 346.120, RSMo. The language in those enabling statutes is more specific than that in Section 620.100, RSMo Supp. 1984. Generally, specific language of statutes takes precedence over general language of statutes. See O'Flaherty v. State Tax Commission ofMissouri, 680 S.W.2d 153, 154 (Mo. banc 1984); State ex rel.Fort Zumwalt School District v. Dickherber, 576 S.W.2d 532,536-537 (Mo. banc 1979).
We are also cognizant of the statutory rule of construction that later enacted statutes take precedence over those earlier enacted. Bartley v. Special School District of St. LouisCounty, 649 S.W.2d 864, 867 (Mo. banc 1983); City of Kirkwoodv. Allen, 399 S.W.2d 30, 34 (Mo. banc 1966). In that regard, had provisions of subsection 5 of Section 620.100, RSMo Supp. 1984, been enacted after those of subsection 2, there would be little doubt that subsection 5 would abrogate the provisions of subsection 2. However, said subsections were enacted at the same time.
In this regard, it is important to note that the provisions of Section 332.021, RSMo, were amended in 1983 under Senate Bill No. 313, Eighty-Second General Assembly, First Regular Session. That legislation re-enacted the position of the public board member for the Missouri Dental Board without establishing that that position or term would terminate on September 1, 1986. As the Missouri Dental Board public member's term is for five years and was originally appointed in 1982, that action by the legislature would tend to show that the legislature intended that the public members of licensing boards are to continue. It certainly indicates that the public board member for the Missouri Dental Board is to continue in existence after September 1, 1986.
In 1985, the legislature adopted legislation creating a new licensing board, that being the Advisory Committee for Professional Counselors. See Section 337.535, RSMo Supp. 1985. That body consists of five members, including a public member, serving three-year terms. This enactment by the legislature is further indication that it intended that the positions of public members on licensing boards were to continue.
The Missouri Constitution provides that members of boards and commissions serve until their successors are appointed.See Missouri Constitution, Article IV, Sections 4 and 51; Missouri Attorney General Opinion No. 203, Banks, 1977. In that regard, a public member appointed to a licensing board with a term of four years will continue to act as a board member until his or her successor is appointed, even if that appointment is after the term of office has expired. Such an interpretation is consistent with the practice as to other members of licensing boards as well as members of other boards and commissions. This interpretation is also consistent with the provisions of Section 620.100.1, RSMo Supp. 1984, wherein it is stated that "[n]othing in this act is intended, nor shall it be construed, to affect the continuity of any board or commission or any fund of any board or commission. No term of any member of any board or commission shall be affected by this act."
We have been advised that in the letters of appointment issued in 1982, the Governor stated that the appointments were for terms ending on September 1, 1986. However, this fact does not affect the answer to your question because the terms of office of public members are established by the various enabling statutes.
CONCLUSION
It is the conclusion of this office that the positions of public members on licensing boards within the Division of Professional Registration continue in existence and that the terms for public members appointed to such boards are as set forth in the specific enabling statutes for each board. It is the further conclusion of this office that those members appointed as public members serve in that capacity until their successors are appointed.
Very truly yours,
 WILLIAM L. WEBSTER Attorney General