Dear Senator Staples and Representative Harpool:
Each of you has posed questions relating to group health insurance contracts for employees of Missouri school districts. Because of the similarities in the questions posed, we have combined your requests into one opinion. The questions posed by Senator Staples are as follows:
 Is it permissible for a school district which provides group health insurance for its employees to offer to former employees who have retired and surviving spouses and children of former employees coverage under the district's group policy for premiums equal to: 1) an individual rate; 2) the group rate; or 3) at no charge?
The question posed by Representative Harpool is as follows:
 In Senate Bill 264 enacted in the last session of the General Assembly school districts which provide health insurance plans for employees are required to make such plans open to participation by retirees and eligible survivors as part of the group insured. May a school district require a retiree or eligible survivor to pay a higher premium than the group rate premium regularly charged members of the group?
The questions posed involve an interpretation of Section169.590, RSMo Supp. 1987, enacted in 1987 as Section 1 of Senate Bill No. 264, Eighty-Fourth General Assembly, First Regular Session. That statute provides:
 1. Any insurance contract or plan issued or renewed after December 31, 1987, which provides group health insurance for employees of any Missouri school district shall contain provisions that permit:
 (1) Any employee of such district who retires, or who has retired, and is receiving or is eligible to receive retirement benefits under this chapter to remain or become a member of the group;
 (2) The surviving spouse of any employee to remain or become a member of the group, so long as such spouse is receiving or is eligible to receive retirement benefits under this chapter; and
 (3) The surviving children of any employee to remain or become members of the group, so long as they are receiving or are eligible to receive retirement benefits under this chapter.
 2. The plan or contract may provide a different level of coverage for any person electing to remain or become a member of an eligible group as provided in subsection 1 of this section if such person is eligible for medicare under the Federal Health Insurance for the Aged Act, 42 U.S.C. § 1395, as amended.
 3. A person electing to become or remain a member of a group under Subsection 1 of this section must pay the premium for such coverage, including the premium for any covered dependents.
Ascertainment of legislative intent is the primary goal of statutory construction. State ex rel. Missouri State Board ofRegistration for Healing Arts v. Southworth, 704 S.W.2d 219,224 (Mo. banc 1986); Collins v. Director of Revenue,691 S.W.2d 246, 251 (Mo. banc 1985); O'Flaherty v. State TaxCommission of Missouri, 680 S.W.2d 153, 155 (Mo. banc 1984). The primary rule of statutory construction is to ascertain the intent of the legislature from the language used, to give effect to that intent if possible, and to consider words used in the statute in their plain and ordinary meaning. Laclede GasCompany v. Labor and Industrial Relations Commission ofMissouri, 657 S.W.2d 644, 650 (Mo.App. 1983); Thomas v.Frazier, 626 S.W.2d 682, 684 (Mo.App. 1981); City of WillowSprings v. Missouri State Librarian, 596 S.W.2d 441, 445 (Mo. banc 1980). The legislative intent is to be determined, insofar as possible, from the language of the statute itself. State v.Sweeney, 701 S.W.2d 420, 423 (Mo. banc 1985).
Subsection 1 of Section 169.590 makes specific reference three times to "the group." The apparent intent of the legislature is that retirees, surviving spouses, and surviving children who are receiving or are eligible to receive retirement benefits are to be eligible to be part of the same group for which the Missouri school district provides group health insurance. Subsection 3 of Section 169.590 requires that these persons pay "the premium" for such coverage. This language indicates that the legislature intended that premiums for retired employees, their surviving spouses and surviving children be the same as the premiums paid on behalf of the employees of the school district, their spouses and children under the group health insurance contract. Under this interpretation, the school district is required to contract to provide group health insurance for its retirees, their surviving spouses and their surviving children at the same rates as it contracts for health insurance for its employees, their spouses and children. An individual rate or higher rate cannot be charged.
Subsection 3 of Section 169.590 specifically requires a retired employee of a school district or the surviving spouse or surviving children to pay the entire premium of the health insurance coverage provided in subsection 1. Thus, a school district cannot provide health insurance coverage to those persons at no charge to such persons.
As has been the long-standing policy of this office, we do not opine on the constitutionality of the foregoing statute.See Gershman Investment Corporation v. Danforth, 517 S.W.2d 33
(Mo. banc 1974).
Conclusion
It is the opinion of this office that under Section169.590, RSMo Supp. 1987, (1) a school district which provides group health insurance for its employees must offer the former employees who have retired and surviving spouses and surviving children of those former employees coverage under the school district's group policy at premiums equal to that charged for other members of the group, and (2) the retirees, their surviving spouses and their surviving children must pay the premium for such coverage and the school district cannot provide such health insurance coverage at no charge to those persons.
Very truly yours,
 WILLIAM L. WEBSTER Attorney General