Dear Mr. Wiggins:
This opinion is in response to your question asking:
 Does a county of the third class have lawful authority to expend funds collected pursuant to Section 590.140, RSMo., both for the purpose of contracting with a private business to formulate Sheriff's Department personnel and jail administration policies and for the purpose of having the private business train department personnel in accordance with those policies?
The answer to this question depends upon whether Section590.140, RSMo Supp. 1988, can be construed broadly enough to include the development of personnel and jail administration policies. Subsection 2 of Section 590.140 provides:
 2. Each county and municipality may use funds received under this section only to pay for the training required as provided in sections 590.100 to 590.180, provided that, any excess funds not needed to pay for such training may be used to pay for additional training for peace officers or for training for other law enforcement employees appointed by the county or municipality. [Emphasis added.]
Ascertainment of legislative intent is the primary goal of statutory construction. State ex rel. Missouri State Board ofRegistration for Healing Arts v. Southworth, 704 S.W.2d 219,224 (Mo. banc 1986); Collins v. Director of Revenue,691 S.W.2d 246, 251 (Mo. banc 1985); O'Flaherty v. State TaxCommission of Missouri, 680 S.W.2d 153, 155 (Mo. banc 1984). The primary rule of statutory construction is to ascertain the intent of the legislature from the language used, to give effect to that intent, if possible, and to consider words used in the statute in their plain and ordinary meaning. Wolff ShoeCompany v. Director of Revenue, 762 S.W.2d 29, 31 (Mo. banc 1988).
"The word `only' is defined as meaning `alone in its class, sole, single, exclusive, solely, this and no other, nothing else or more.'" State ex rel. Collins v. Donelson, 557 S.W.2d 707,710 (Mo.App. 1977). By the use of the word "only" the legislature has limited the use of funds collected to two purposes: (1) the training required by Sections 590.100 to590.180, RSMo, and (2) as long as the required training has been received by all officers required to receive that training, additional training for peace officers or training for other law enforcement employees appointed by the county or municipality.
The development of personnel policies or administrative policies by a private business would not be "training" and would, therefore, not be a reimbursable cost using the training funds. On the other hand, training individual officers on existing personnel policies or administrative policies would be other training within the normal scope of a law enforcement officer's duties. Currently, law enforcement training academies in Missouri do offer courses in supervision, police management, civil liability, employee relations, etc. A similar training program by a private business would fall within the scope of this type of training.
CONCLUSION
It is the opinion of this office that training funds collected under Section 590.140, RSMo Supp. 1988, cannot be used to pay a private business to develop personnel and jail administration policies but can be used to train department personnel on such policies.
Very truly yours,
 WILLIAM L. WEBSTER Attorney General