W. James Icenogle Camden County Prosecuting Attorney Camden County Courthouse Camdenton, Missouri 65020
Dear Mr. Icenogle:
This opinion is in response to your question asking:
 Does the phrase "any instrument," as used in Section 59.319, RSMo, include filings made under the Uniform Commercial Code, such that the four dollar user fee must be collected for each UCC-1 filing?
Section 59.319, prior to amendment in 1989, provided in part:
 A user fee of three dollars shall be charged and collected by every recorder in the state, over and above any other fees required by law, as a condition precedent to the recording of any instrument conveying real property or any interest therein. [Emphasis added.]
Section 59.319 was revised in 1989 by Conference Committee Substitute for Senate Committee Substitute for House Bill No. 786, 85th General Assembly, First Regular Session, so that Section 59.319, RSMo Supp. 1989, now provides in part:
 A user fee of four dollars shall be charged and collected by every recorder in this state, over and above any other fees required by law, as a condition precedent to the recording of any instrument.
[Emphasis added.]
The new legislation increased the user fee from three dollars to four dollars and dropped the requirement the instrument subject to the charge, "convey[ing] real property or any interest therein."
In answering the question posed, there are two issues to be considered. First, does the phrase "any instrument" as now used in Section 59.319 include filings made under the Uniform Commercial Code, such as a UCC-1 filing? Second, does a "filing" made under the Uniform Commercial Code, such as a UCC-1 filing, constitute a "recording" as used in Section 59.319.
The primary purpose of statutory construction is to ascertain the intent of the legislature. State ex rel.Missouri State Board of Registration for Healing Arts v.Southworth, 704 S.W.2d 219, 224 (Mo. banc 1986); Collins v.Director of Revenue, 691 S.W.2d 246, 251 (Mo. banc 1985). Words used in a statute are to be considered in their plain and ordinary meaning. Wolff Shoe Company v. Director of Revenue,762 S.W.2d 29, 31 (Mo. banc 1988); Thomas v. Frazier,626 S.W.2d 682, 684 (Mo.App. 1981). The word "instrument" is not defined in Section 59.319; thus, one is to consider the word "instrument" in its plain and ordinary meaning. An instrument is "[a] written document; a formal or legal document in writing, such as a contract, deed, will, bond or lease." Black's LawDictionary 719 (5th Ed. 1979). There are many "instruments" which do not "convey[ing] real property or any interest therein," among which are UCC-1 documents. Thus, by deleting the requirement the instrument must "convey[ing] real property or any interest therein," the legislature has expanded the number of documents to which the user fee may apply. With respect to the first issue to be considered, we conclude that the phrase "any instrument" does include a UCC-1.
Turning to the second issue, Section 59.319 requires the fee to be assessed for "the recording of any instrument." [Emphasis added.] The legislature has shown it does not consider filings and recordings synonymous. Section 59.330, RSMo Supp. 1989, in setting forth the duties of the recorder, provides in part:
 59.330. What shall be recorded. — It shall be the duty of recorders to record:
 (1) All deeds, mortgages, conveyances, deeds of trust, assignments, bonds, covenants, defeasances, or other instruments of writing, of or concerning any lands and tenements, or goods and chattels, which shall be proved or acknowledged according to law, . . . [Emphasis added.]
On the other hand the legislature, in Section 400.9-403, RSMo Supp. 1989, refers not to Uniform Commercial Code recordings, but filings. Therefore, if a UCC-1 is merely filed, the user fee specified in Section 59.319 should not be collected.
That is not to say a UCC-1 instrument cannot be "recorded" for the purposes of assessing the user fee set forth in Section59.319. Section 400.9-401(1) (b), RSMo Supp. 1989, in establishing the "proper place to file" reads:
 400.9-401, Place of filing — erroneous filing — change of location of debtor or collateral — collateral of transmitting utility. —
* * *
 (b) [W]hen the collateral is timber to be cut, minerals or the like (including oil and gas) or accounts subject to subsection (5) of section 400.9-103, or when the financing statement is filed as a fixture filing (section 400.9-313) and the collateral is goods which are or are to become fixtures, then in the office where a mortgage on the real estate concerned would be filed for record, and any such filing shall be for record; [Emphasis added.]
* * *
Further Section 400.9-408, RSMo Supp. 1989, reads:
 400.9-408. Additional filing requirements — when applicable — liability of recorder of deeds. — Notwithstanding any other provisions of this chapter, the following special provisions apply where a financing statement is required to be filed for record in the office where a mortgage on the real estate concerned would be filed for record.
 (1) Any amendment, continuation statement, termination statement, statement of assignment, or statement of release incidental to such a financing statement shall be filed for record in the same office where the original financing statement is recorded.
 (2) In addition to other requirements of this part of this chapter, every such statement incidental to such a financing statement shall refer to the original financing statement by book and page of the record thereof.
 (3) Such financing statements and such other statements incidental thereto shall be recorded in the real estate mortgage records, and shall be indexed as real estate mortgages. If any statement shows the name of a record owner of the real estate which is other than the name of the debtor or the secured party, the statement also shall be indexed in the mortgagor index according to the name of such record owner. Such financing statements and such other statements incidental thereto are entitled to be recorded even though not proved or acknowledged and certified. Fees for recording and related services shall be the same as the fees authorized by law in the case of real estate mortgages. [Emphasis added.]
* * *
Therefore, under certain circumstances, a UCC-1 instrument is "filed for record" ("recorded") and such a recording should be assessed the user fee specified in Section 59.319.
CONCLUSION
It is the opinion of this office that the user fee specified in Section 59.319, RSMo Supp. 1989, should not be collected when a UCC-1 is merely filed, but such user fee should be collected when a UCC-1 is filed for record or recorded.
Very truly yours,
 WILLIAM L. WEBSTER Attorney General