Charles E. Kruse, Director Missouri Department of Agriculture P. O. Box 630 1616 Missouri Boulevard Jefferson City, MO 65102
Dear Director Kruse:
This opinion letter is in response to your question asking:
 Whether existing law gives the Missouri Department of Agriculture or the State Entomologist the authority to regulate the movement of genetically engineered plants or plant products that have been altered by the use of an allegedly disarmed plant "pest," i.e., an organism that under normal circumstances would be injurious to plants or plant products but has been altered so as (1) to serve as a vectoring agent for the transmission of genetic material for the purpose of creating a more desirable plant or plant product and (2) not to be injurious to plants or plant products.
Subsection 1 of Section 263.080, RSMo 1986, provides:
 263.080. Plant pests, control, noncomplying owner, action by inspectors — lien for expenses. — 1. The state entomologist shall keep himself informed as to the occurrence of plant pests, their origin, locality, nature and appearance, the manner in which they are disseminated, and approved methods of treatment and control. The state entomologist shall determine which plant pests are of such a harmful nature that their introduction into or dissemination within the state should be prevented. Whenever an inspection discloses that the premises, plants, plant parts or pest-harboring materials are infested or infected with such harmful plant pests as to constitute a hazard to plant or animal life in the state, or any part thereof, he may notify the owner or person having charge of such premises to that effect and the owner or person in charge shall cause the treatment, removal or destruction of the infested or infected plants, or other pest-harboring material as directed and within the time specified by the notice. Whenever such owner or other person cannot be found or shall fail, neglect or refuse to comply with the terms of the notice, such requirements shall be carried out by the inspectors or other employees of the state entomologist and the state entomologist shall obtain and enforce a lien for the expense thereof against the place in or upon which such expense was incurred in the same manner as liens are obtained and enforced upon buildings for labor and materials furnished by virtue of contract with the owner.
* * *
Section 263.020(9), RSMo 1986, defines plant pests as:
 263.020. Definitions. — As used in sections 263.010 to 263.180 the following terms mean:
* * *
 (9) "Plant pests", any insects, arthropods, nematodes, mollusks, invertebrates, fungi, bacteria, mycoplasmas, viruses, physiological disorders or parasitic weeds and other infectious agents which are injurious to plants or plant products and the pathological conditions in plants and plant products caused by these organisms;
* * *
The first rule of statutory construction is to give effect to the intent of the legislature. State ex rel. Missouri StateBoard of Registration for Healing Arts v. Southworth,704 S.W.2d 219, 224 (Mo. banc 1986); Collins v. Director ofRevenue, 691 S.W.2d 246, 251 (Mo. banc 1985). Words used in a statute are to be considered in their plain and ordinary meaning. Wolff Shoe Company v. Director of Revenue,762 S.W.2d 29, 31 (Mo. banc 1988); Thomas v. Frazier, 626 S.W.2d 682,684 (Mo.App. 1981).
Your particular question deals with whether or not the State Entomologist has the authority to regulate the movement of those plants transformed by insertion of a plant gene using a plant pest as the vectoring agent which has "allegedly" been "disarmed" in such a fashion it no longer is injurious to plants or plant products. The legislature has defined "plant pests" in a way which requires the "pest" be "injurious to plants or plant products and the pathological conditions in plants and plant products caused by these organisms." As noted in Section263.080 "[t]he state entomologist shall determine which plant pests are of such a harmful nature that their introduction into or dissemination within the state should be prevented." [Emphasis added.] By the literal reading of the statutes, the State Entomologist has the authority to regulate a "plant pest" which has been found to be of "such a harmful nature that their introduction into or dissemination within the state should be prevented." Thus, the statutes do not authorize the State Entomologist to regulate those entities which have been found not to be "injurious to plants or plant products . . . ."
However, this does not preclude the State Entomologist from determining which "insects, arthropods, . . ." do pose a danger to plants or plant products. Section 263.040, RSMo 1986, authorizes the State Entomologist to promulgate certain rules. Such section provides:
 263.040. Rules and regulations. — The state entomologist shall, from time to time, make rules for carrying out the provisions and requirements of sections 263.010 to 263.180, including rules under which inspectors and other employees shall:
 (1) Inspect places, plants and plant products, and things and substances used or connected therewith;
 (2) Investigate, control, eradicate and prevent the dissemination of plant pests; and
 (3) Supervise or cause the treatment, cutting and destruction of plants and plant products infested or infected with plant pests.
Section 263.080 mandates the "state entomologist shall keep himself informed as to the occurrence of plant pests, their origin, locality, nature and appearance, the manner in which they are disseminated, and approved methods of treatment and control."
Under these sections, the State Entomologist has the authority to analyze and determine whether or not a particular entity not only is a plant pest but also whether or not the pest is "of such a harmful nature that [its] introduction into or dissemination within the state should be prevented." The fact that a "genetically engineered plant" has been transformed by insertion of a plant gene using a plant pest as the vectoring agent which has been "allegedly disarmed" would not preclude the State Entomologist from making a proper determination whether or not the entity is in fact a plant pest, and further whether or not it is of such a harmful nature that its introduction into or dissemination within the state should be prevented.
Very truly yours,
 WILLIAM L. WEBSTER Attorney General