The Honorable Norman L. Merrell Senator, District 18 State Capitol Building, Room 423 Jefferson City, Missouri 65101
and
The Honorable Mike Lybyer Senator, District 16 State Capitol Building, Room 333 Jefferson City, Missouri 65101
Dear Senators Merrell and Lybyer:
This opinion letter is in response to your question asking:
 Is the position of the State Geologist and that of Director of the Division of Geology and Land Survey one and the same? Does the Director of the Department of Natural Resources have the authority to establish these as two separate positions?
Along with your question, you present the following statement of facts:
 The State Geologist has served as the Director of the Division of Geology and Land Survey since the implementation of the Reorganization Act of 1974. The Director of the Department of Natural Resources proposes to separate these positions. The provisions of the Reorganization Act (see 640.010.5, RSMo) and Chapters 256 and 259, RSMo, suggest that the State Geologist must serve as the Director of the Division of Geology and Land Survey.
Section 256.010, RSMo 1986, provides that the State Geologist may appoint such assistants and subordinates as may be deemed necessary to conduct a geological survey of the state. Section256.010 also provides that the State Geologist is to be the Director of the Geological Survey. Section 256.050, RSMo 1986, sets forth the responsibilities and duties of the State Geologist and his/her assistants. Those duties include the duty of conducting a thorough geological survey of the state, applying "geologic engineering principles to problems of agriculture, conservation, construction and other scientific matters that may be of practical importance and interest to the welfare of the state", and preparing topographic relief maps of areas and districts of the state toward the end of preparing a complete and accurate topographic relief map of the state. Section 256.060, RSMo 1986, provides that the State Geologist "is authorized to make a survey of the water resources of the state. . . ." The State Geologist also has certain duties with respect to the State Oil and Gas Council, the Land Reclamation Commission, and the Mining Practices Advisory Council, among others. See Section 259.030, RSMo 1986; Section259.070, RSMo Supp. 1993; Section 259.080, RSMo 1986; Section444.520, RSMo 1986; and Section 444.420, RSMo Supp. 1993.
The Omnibus State Reorganization Act of 1974, (now in part codified at Section 640.010, RSMo 1986), transferred all the duties, powers, and functions of the State Geologist by type I transfer to the Department of Natural Resources. Section 640.010.5 provides:
 5. All the powers, duties and functions of the state geologist, chapter 256, RSMo, and others, are transferred by type I transfer to the department of natural resources. All the powers, duties and functions of the state land survey authority, chapter 60, RSMo, are transferred to the department of natural resources by type I transfer and the authority is abolished. All the powers, duties and functions of the state oil and gas council, chapter 259, RSMo, and others, are transferred to the department of natural resources by type II transfer. The director of the department shall appoint a state geologist who shall have the duties to supervise and coordinate the work formerly done by the departments or authorities abolished by this subsection, and shall provide staff services for the state oil and gas council. [Emphasis added.]
A "type I transfer" is defined in Section 1.7(a) of the Reorganization Act as:
 (a) under this act a "type I transfer" is the transfer to the new department or division of all the authority, powers, duties, functions, records, personnel, property, matters pending and all other pertinent vestiges of the existing department, division, agency, board, commission, unit, or program to the director of the designated department or division for assimilation and assignment within the department or division as he shall determine, to provide maximum efficiency, economy of operation and optimum service. . . .
Appendix B, RSMo 1986. However, Section 640.010.5, enacted as part of the Reorganization Act, specifically provides for the appointment of a State Geologist who shall have the specified duties. While Section 1.7(a) of the Reorganization Act deals with a type I transfer in general, Section 640.010.5, also enacted as part of the Reorganization Act, specifically assigns certain duties to the State Geologist. Where one statute deals with a particular subject in a general way, and a second statute treats a part of the same subject in a more detailed way, the more general should give way to the more specific. O'Flaherty v. State Tax Commission ofMissouri, 680 S.W.2d 153, 154 (Mo. banc 1984). Because the provision in Section 640.010.5 deals specifically with the State Geologist, we conclude the State Geologist has those duties specified by statute and the Director of the Department of Natural Resources has no authority to assign to anyone else the duties assigned by statute to the State Geologist.
It is the opinion of this office that the State Geologist is to perform the duties provided by statute to the State Geologist, and that the Director of the Department of Natural Resources has no authority to assign to anyone else the duties assigned by statute to the State Geologist.
Very truly yours,
 JEREMIAH W. (JAY) NIXON Attorney General