The Honorable John T. Russell Senator, District 33 State Capitol Building Jefferson City, Missouri 65101
Dear Senator Russell:
This opinion responds to your question whether §54.010.2[1] or § 54.010.3 applied to Camden County at its 1994 general election. You report that Camden County changed from a third-class county to a second-class county on January 1, 1991. We understand that it has not adopted a township form of government.
Various statutory provisions relate to your question. Section54.010 provides:
 1. There is created in all counties of this state the office of county treasurer.
 2. In counties of classes one and two the qualified electors shall elect a county treasurer at the general election in 1956 and every four years thereafter.
 3. In counties of classes three and four the qualified electors shall elect a county treasurer at the general election in the year 1954, and every four years thereafter, except that in those counties having adopted the township alternative form of county government the qualified electors shall elect a county treasurer at the November election in 1956, and every four years thereafter.
Section 54.030 provides that county treasurers shall, except as § 48.053 provides otherwise, serve four-year terms beginning the first of January following their election. Section48.053 states:
 The incumbent of the office of county treasurer of a county changing from third class to second class or from second class to third class shall continue to hold office for the term to which he was elected. His successor in office shall be elected at the general election next preceding the expiration of the incumbent's term of office to a term of two years and until his successor is elected, as provided in section 54.010, RSMo, and qualified.
Section 115.121.1 provides that general elections take place in November of even-numbered years.
Because Camden County was not a third-class county during the November 1994 general election, § 54.010.3 did not apply. It was a second-class county; therefore, § 54.010.2 would ordinarily apply. However, § 48.053 conflicts with §54.010.2 in that § 48.053 provides for an intervening two- year term when a county changes from a third to second-class county, as did Camden County. In resolving any conflict, we are mindful of the "well-established rule of statutory construction that where one statute deals with a particular subject in a general way, and a second statute treats a part of the same subject in a more detailed way, the more general should give way to the more specific." O'Flaherty v. State Tax Comm'n ofMissouri, 680 S.W.2d 153, 154 (Mo. banc 1984). Because §48.053 deals with the subject in a more detailed way, it controls over § 54.010.2. Since your opinion request relates to the county treasurer's term of office, we next examine § 48.053
in the context of that issue.
Camden County voters elected a county treasurer in November 1990; she served a four-year term from January 1, 1991 through December 31, 1994. On the date that term started, January 1, 1991, Camden County became a second-class county. To determine the treasurer's term under § 48.053, we must first determine whether the term "incumbent" refers to the office holder immediately before the reclassification, or the office holder immediately thereafter. Section 48.053 refers to the incumbent of "a county changing from third class to second class" (our emphasis). We conclude that the use of the present tense of the verb "change" shows that our legislature intended "incumbent" to refer to the treasurer in office immediately prior to the county's reclassification. Otherwise, the legislature would have used the past tense of that verb. Consequently, the Camden County treasurer elected in 1990 should have had a two-year term ending December 31, 1992. Section 48.053. Thereafter, Camden County's treasurers' terms should have been for four years. Section54.010.2. Attorney General Opinion No. 77, Mathewson and Birch, 1979, a copy of which is enclosed, addressed this issue and is in accord.
The Camden County treasurer who took office on January 1, 1991, should have served a two rather than four-year term. Her successor, the current office holder, took office on January 1, 1995, instead of January 1, 1993. We do not challenge the right of Camden County's current treasurer to that office. However, Camden County is now a second-class county; therefore, its current treasurer's term expires December 31, 1996. Section54.010.2. Thereafter, each successor's term shall be for four years.
CONCLUSION
It is the opinion of this office that under § 48.053, RSMo 1994, when a county changes from third-class to second-class on the same date as the county treasurer's term of office begins, that term is for two years, and subsequent terms are for four years.
Very truly yours,
 JEREMIAH W. (JAY) NIXON Attorney General
Enclosure
[1] All statutory references are, unless otherwise noted, to the 1994 Revised Statutes of Missouri (RSMo). We cite to the 1994 revision for case of reference as no cited statute has changed since January 1, 1991.