Joanlee WALLEMANN, n/k/a Joanlee Ferrara, Plaintiff–Respondent,

v.

Frank E. WALLEMANN, Respondent–Appellant.

No. 59118.

Missouri Court of Appeals, Eastern District, Division One.

Aug. 13, 1991.

Motion for Rehearing and/or Transfer to Supreme Court Denied Sept. 25, 1991.

Application to Transfer Denied Nov. 19, 1991.

Frank E. Wallemann, pro se.

Philip K. Gebhardt, St. Louis, for plaintiff-respondent.

KAROHL, Judge.

Frank E. Wallemann filed a petition for determination by the court of an amount due for delinquent child support, maintenance and attorney's fees. Section 454.-520.5 RSMo 1986. The sole issue is whether the trial court correctly determined that interest for delinquent child support and maintenance payments may be compounded monthly. The legal question is a proper interpretation of § 454.520.4 RSMo 1986. We reverse and remand.

The parties agree an order pendente lite was entered in the dissolution case on December 2, 1981. The decree of dissolution was granted on May 18, 1982. Father was ordered to pay mother maintenance and child support in both orders. The only child reached her twenty-first birthday on September 15, 1985. On February 28, 1990, mother began an execution and sequestration process to enforce these judgments. She filed a statement which detailed the computation of interest claimed to be due and owing. Father disputed the interest claimed and requested a determination by the court which would allow simple interest only on delinquent support and maintenance payments. He relies on the first sentence of § 454.520.4 which provides, "[t]he interest imposed under subsections 1 to 3 of this section shall be simple interest." Mother contends the sentences following the first sentence of subsection four authorize compound interest. In the present case, the dollar difference in the two positions at the time the trial court ruled was $11,774.07.

Our primary function when construing statutes is to ascertain the intent of the General Assembly of the State of Missouri in enacting the statute from the language used, and give effect to that intent, if possible. *Wolff Shoe Co. v. Director of Revenue,* 762 S.W.2d 29, 31 (Mo. banc 1988); *Sermchief v. Gonzales,* 660 S.W.2d 683, 688 (Mo. banc 1983). Where possible, we must give statutory terms their plain meaning. *Sermchief,* 660 S.W.2d at 668.

· ■ " 'Simple interest is interest computed solely on principal.' " *Vaughn v. Graham,* 234 Mo.App. 781, 121 S.W.2d 222, 226 (1938) (citation omitted). " 'Compound interest is interest upon interest; where accrued interest is added to the principal sum and the whole treated as a new principal for the calculation of interest for the next period.' " *Id.* 121 S.W.2d at 226–227. Compound interest generally is not allowable on a judgment. *Boatmen's First Nat'l Bank of Kansas City v. Bogina Petroleum Eng'rs,* 794 S.W.2d 703, 705 (Mo. App.1990).

■ Section 454.520.4 provides as follows:

The interest imposed under subsections 1 to 3 of this section shall be simple interest. Interest shall accrue at the close of the business day on the last day of each month and shall be calculated by multiplying the *total arrearage* existing at the end of the day, less the amount of that month's installments, by the applicable rate of interest. The total amount of interest collectible is the sum of the in-

terest which has accrued on the last day of each month following the first delinquent payment. This interest computation method shall apply to all support and maintenance orders, regardless of the frequency of the installments required by the court. If the order does not specify the date on which support or maintenance payments are to begin, it shall be assumed that the first installment was due on the date the order was entered, and subsequent installments fall due on the same day of the week or date of the month, as is appropriate. Payments which were to begin on the twenty-ninth, thirtieth or thirty-first of any month shall be deemed due on the last day of any month not containing such date. The interest imposed under this section shall automatically *accrue and attach* to the underlying support or maintenance judgment or order, and may be collected together with *the arrearage,* except that no payment or collection shall be construed to be interest until the entire *support arrearage* has been satisfied. Such interest shall be considered support or maintenance for the purposes of exemptions, restrictions on amounts which may be recovered by garnishment, and nondischargeability in bankruptcy. (Our emphasis).

The trial court viewed the first sentence, which commands simple interest, to be a general statement which conflicts with the subsequent provisions of the subsection. It reasoned the subsequent provisions are specific provisions and must govern over general provisions. *See O'Flaherty v. State Tax Comm'n,* 680 S.W.2d 153, 154 (Mo. banc 1984). We reject this characterization. We find the first sentence to be a specific direction that requires the court to calculate simple interest on maintenance and child support judgments at rates provided by the statute in § 454.520.1–3 RSMo 1986.

The trial court discerned a distinction between "total arrearage," "arrearage" and "support arrearage." The second sentence of § 454.520.4 directs that interest be calculated by "multiplying the total arrearage ... by the applicable rate of interest."

The court reasoned the General Assembly must have intended a distinction between the terms so that "support arrearage" is something less than "total arrearage." The former represents the amount of the judgment and the latter represents the judgment plus accumulated interest. This reasoning is supported by statutory construction principals which require significance and effect to be attributed to every word and phrase in a statute, *State ex rel. Smith v. Atterbury,* 364 Mo. 963, 270 S.W.2d 399, 404 (1954), and a presumption that the General Assembly will not use superfluous or meaningless words in a statute. *Wellborn v. Southern Equip. Co.,* 386 S.W.2d 432, 436 (Mo.App.1964), *appeal transferred,* 395 S.W.2d 119 (Mo. banc 1965). Finally, the trial court reasoned the provision that interest "accrue and attach" indicated a legislative intention to permit compound interest.

We find the primary rule of statutory construction, to ascertain the intent of the legislature, controlling. *Wolff,* 762 S.W.2d at 31. The direction that interest imposed "shall be simple interest" plainly states the intent of the legislative. The provisions for "arrearage," "support arrearage" and "total arrearage" which follow the specific direction are, at most, ambiguous but not necessarily conflicting. The terms are not defined in the statute. In the absence of a clear, express conflict we are bound by "shall be simple interest."

As a practical matter, simple interest of one percent per month authorized by § 454.520.3 RSMo 1986 represents a substantially higher annual rate of simple interest than twelve percent per year. If the legislature intended interest on child support and maintenance judgments to be one percent per month compounded monthly then the rate of interest would have been approximately double the legal rate of interest for other judgments. *See* § 408.040 RSMo Cum.Supp.1990. The legislature could have simply expressed such intent.

We may not construe a statute in a manner in which the legislature did not expressly or inferentially intend. *Missouri ex rel. Rybolt v. Easley,* 600 S.W.2d 601,

606 (Mo.App.1980). Nor may we ignore a clearly expressed intent that interest on child support and maintenance payments be simple interest.

We reverse and remand for further proceedings not inconsistent with this opinion.

PUDLOWSKI, P.J., and GRIMM, J., concur.