CARE CENTER OF KANSAS CITY, Appellant,

v.

Willye HORTON, Respondent Pro Se.

No. WD 64613.

Missouri Court of Appeals, Western District.

Sept. 20, 2005.

Rehearing Denied Nov. 1, 2005.

Hugh L. Marshall, Kansas City, MO, for appellant.

Willye B. Horton, Kansas City, MO, pro se.

Before: HARDWICK, P.J., BRECKENRIDGE and SPINDEN, JJ.

LISA WHITE HARDWICK, Judge.

The Care Center of Kansas City sued Willye Horton for the balance due on an account for the care of her father in a skilled nursing facility. The trial court entered judgment in favor of Ms. Horton, finding the financial agreement between the parties to be ambiguous. The Care Center appeals. We reverse and remand.

### FACTUAL AND PROCEDURAL HISTORY

On or about December 11, 1998, Ms. Horton admitted her 96–year old father, Willie Bennings, to the Care Center of Kansas City d/b/a Swope Ridge Geriatric Center ("Care Center"), a skilled nursing facility. Because Mr. Bennings had never learned to read and write, Ms. Horton had long ago obtained his Power of Attorney in order to transact business on his behalf.

On the day of her father's admission to the Care Center, Ms. Horton executed a one-page document entitled "Swope Ridge Geriatric Center—Conditions of Admissions." The final paragraph of the conditions stated:

6. Financial Agreement

The undersigned agrees, whether he/she signs as agent or as resident, that in consideration of the services to be rendered to the resident, he/she hereby individually obligates himself/herself to pay the account of the facility in full at discharge. [S]hould the account be referred to an attorney for collection, the undersigned shall pay reasonable attorney's fees and collection expenses. All delinquent accounts bear interest at the legal rate. If litigation results, the amount of the attorney's fee shall be set by the court and not by a jury.

The following statements also appeared above the signature lines on the document.

The undersigned certifies that he/she has read the foregoing, receiving a copy thereof, and is the resident or is duly authorized by the resident's general agent to execute the above and accept its terms.

I/We the undersigned agree on consent of admission, to pay all cost(s), charges and expense incurred on behalf of the resident admitted to Swope Ridge Geriatric Center.

Ms. Horton signed her name on the document's three signature lines, indicating she was the "Responsible Party."

The Care Center provided general nursing care for Mr. Bennings from December 11, 1998, until his death on May 7, 2002. Thereafter, the Care Center sent Ms. Horton a final account statement with a balance due of $14,773.27 for the care provided. Ms. Horton refused to pay the

amount due and returned the account statement with the notation: "Deceased, not responsible for bills."

The Care Center filed a petition for breach of contract and action on account against Ms. Horton. At the bench trial, Ms. Horton stipulated that $14,773.27 was due for her father's care but she denied personal liability for the account. Ms. Horton testified that she signed the Conditions of Admissions pursuant to the Power of Attorney that allowed her to transact business on behalf of her father. She recalled telling someone in the Care Center's admission office that she was on fixed disability income and could not afford to be personally responsible for her father's account. She said the admissions representative responded, "You don't have to worry about it."

During closing arguments, the Care Center argued that Ms. Horton was bound by the "financial agreement" because the terms regarding her personal responsibility for the account were unequivocal and unambiguous. The trial court disagreed, stating that the document was labeled "Conditions of Admission" and the financial agreement was buried in "ambiguous language" in the last paragraph. The court questioned why Ms. Horton was not given a separate document to sign for guarantee of payment, instead of an admissions form. The court entered judgment in favor of Ms. Horton, concluding she was not bound by the ambiguous terms of the financial agreement that "individually obligate[d]" the "agent" or "resident" to pay the Care Center account.

POINT ON APPEAL

█ In its sole point on appeal, the Care Center contends the trial court erroneously applied the law in determining that the terms of the financial agreement were ambiguous and, therefore, unenforceable. The Care Center seeks reversal of the judgment and an award of damages, interest, and attorney's fees pursuant to the contract.

█ In reviewing a court-tried case, we must affirm the judgment of the trial court unless it is unsupported by substantial evidence, against the weight of the evidence, or erroneously declares or applies the law. *Cameron Mut. Ins. Co. v. Woods*, 88 S.W.3d 896, 899 (Mo.App.2002). Where, as here, the essential facts are not in question, disputes arising from the interpretation and application of a contract are reviewed *de novo* as a matter of law. *Id.* Accordingly, we owe no deference to the trial court's determination that the financial agreement was ambiguous.

█ The cardinal rule of contract interpretation is to ascertain the parties' intentions and to give effect to that intention. *Sonoma Mgmt. Co. v. Boessen*, 70 S.W.3d 475, 479 (Mo.App.2002). Intent is to be determined from the contract alone and not based on extrinsic or parol evidence unless the contract is ambiguous. *Id.* Words used in the contract must be given their plain, ordinary meaning. *Id.* A contract is ambiguous only if its terms are reasonably open to more than one meaning, or the meaning of the language used is uncertain. *Id.* A provision is not ambiguous merely because the parties disagree over its meaning. *Id.* Furthermore, courts are prohibited from creating ambiguities by distorting contractual language that may otherwise be reasonably interpreted. *Id.*

The contract at issue is a one-page document entitled "Condition of Admissions." The document sets forth the terms upon which Ms. Horton admitted her father to the Swope Ridge Geriatric Center. The document contains only six paragraphs, the sixth of which describes the "Financial Agreement" between the parties. The sixth paragraph states that "[t]he undersigned agrees, whether he/she signs as

agent or as resident, that in consideration of the services to be rendered to the resident, he/she hereby individually obligates himself/herself to pay the account of the facility in full at discharge." The document further states: "I/We the undersigned agree on consent of admission to pay all cost(s), charges and expenses incurred on behalf of the resident admitted to Swope Ridge Geriatric Center." Ms. Horton signed the document on three signature lines that identified her as the "Responsible Party" for payment of the account.

Based on the plain and ordinary meaning of the words used in the Conditions of Admission, we find nothing to suggest the financial terms are uncertain or capable of conflicting interpretations. The agreement clearly states that a party who signs the document thereby accepts personal responsibility for payment of the resident's account. Given the clarity of the contractual language, no separate document was necessary to bind Ms. Horton as the guarantor on her father's account. The trial court erred in concluding the financial agreement was ambiguous and unenforceable.[1] The contract must be enforced as written.

The judgment of the trial court is reversed. The cause is remanded for entry of judgment in favor of the Care Center and determination of damages, interest, and attorney's fees, including the attorney's fees on appeal. The Care Center's motion for attorney's fees on appeal is granted.

All concur.

---

1. In light of our finding that the contract was not ambiguous, we need not address the Care Center's further argument that the trial court erred in considering parol evidence regarding Ms. Horton's understanding of the financial terms.