

# In the Missouri Court of Appeals
## Eastern District
### DIVISION TWO

| | | |
|---|---|---|
| SYSTEMAIRE, INC., | ) | No. ED100475 |
| | ) | |
| Respondent, | ) | Appeal from the Circuit Court |
| | ) | of St. Louis County |
| vs. | ) | |
| | ) | Hon. Kristine A. Kerr |
| ST. CHARLES COUNTY, | ) | |
| | ) | Filed: |
| Appellant. | ) | May 20, 2014 |

St. Charles County appeals from the trial court's grant of partial summary judgment in favor of Systemaire, Inc. ("Systemaire"). St. Charles County argues the trial court erred in entering partial summary judgment awarding penalty interest and attorney's fees against St. Charles County for failure to make final payment of retainage to Systemaire pursuant to Section 34.057. We reverse and remand.

Systemaire contracted with St. Charles County to install two 500 ton fiberglass cooling towers at the St. Charles County Family Arena for $265,000.00. The contract included options to have Systemaire also install a basin heater for $10,000.00 and an electric water level control for $23,000.00. During the installation, St. Charles County exercised these options and had Systemaire install the basin heater and electric water level control.

In addition, Systemaire entered into contracts to paint structural steel for $2,500.00 and to furnish and install a heat trace for $24,735.00. Systemaire installed the

cooling towers, basin heater, electric water level control, and heat trace and painted the structural steel for St. Charles County.

Subsequently, on March 29, 2012, Systemaire demanded payment from St. Charles County for the total cost of the options and other projects, which was $60,225.00. St. Charles County failed to pay.

St. Charles County also withheld $26,500.00 in retainage. St. Charles County contended Systemaire failed to comply with contractual conditions precedent for final payment of retainage and is not entitled to pursue interest and attorney's fees.

In response to St. Charles County's failure to pay, Systemaire filed a petition for breach of contract, alleging damages of $86,725.00, plus interest and attorney's fees. Systemaire alleged St. Charles County improperly withheld the retainage of ten percent of the value of the contract totaling $26,500.00, excluding the options and extra work. Thus, the $86,725.00 represented the $26,500.00 in retainage plus the $60,225.00 in options and other additions. Systemaire maintained St. Charles County failed and refused to pay the retainage after the completion of the work and the submission of the application for payment. Systemaire also included a count for breach of warranty *ex contractu*, alleging damages in the amount of $60,225.00, plus interest and attorney's fees. Systemaire also included a claim for breach of the covenant of good faith and fair dealing. St. Charles County filed an answer.[1]

Systemaire subsequently filed a motion for partial summary judgment, requesting that the trial court enter summary judgment on its claim for breach of contract and breach

---

[1] Kaemmerlen Electric Company ("Kaemmerlen"), a subcontractor with Systemaire, filed a third party petition against Systemaire and Western Surety Company, alleging breach of contract, quantum meruit, breach of payment bond, and vexatious refusal to pay. Systemaire and Western Surety Company filed answers to Kaemmerlen's third party petition. Kaemmerlen later dismissed its claims against Systemaire with prejudice after resolving their dispute.

of warranty e*x contractu* in the amount of $86,235.00,[2] plus interest, costs, and attorney's fees. St. Charles County filed a response.

The trial court subsequently entered its judgment granting Systemaire's motion for summary judgment on its breach of contract claim, but denying its motion for summary judgment on its breach of warranty *ex contractu* claim. The trial court entered judgment in the amount of $60,225.00 for the principal,[3] $8,583.30 for the interest, and $32,376.70 for the attorney's fees, for a total of $101,185.00.

Thereafter, Systemaire voluntarily dismissed its claims for breach of warranty *ex contractu* and for breach of the covenant of good faith and fair dealing without prejudice.[4] This appeal follows.

Appellate review of a trial court's grant of summary judgment is essentially *de novo*. ITT Commercial Fin. Corp. v. Mid-America Marine Supply Corp., 854 S.W.2d 371, 376 (Mo. banc 1993). We will review the record in the light most favorable to the party against whom judgment was entered. Id. We accord the non-movant the benefit of all reasonable inferences from the record. Id. The criteria on appeal for testing the propriety of summary judgment are no different from those which should be employed by the trial court to determine the propriety of sustaining the motion initially. Id. We will uphold summary judgment on appeal only where there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Id.

---

[2] This amount represents $10,000.00 for the basin heater, $23,000.00 for the electric water level control, $2,500.00 to paint structural steel, $24,725.00 to furnish and install a heat trace, and $26,500.00 in retainage. Thus, the total would be $86,725.00. However, Systemaire only requests $86,235.00 in his motion for partial summary judgment, which appears to be an error in addition.
[3] Thus, the trial court only awarded Systemaire compensation for the options and additional work. The trial court did not award Systemaire the $26,500.00 in retainage because that amount had been voluntarily paid by St. Charles County on December 10, 2012.
[4] The voluntary dismissal without prejudice of the other claims coupled with the grant of partial summary judgment makes this judgment final for purposes of appeal. See Stewart v. Liberty Mut. Fire Ins. Co., 349 S.W.3d 381, 384 (Mo. App. W.D. 2011).

In its sole point, St. Charles County argues:

the trial court erred in entering partial summary judgment awarding penalty interest and attorney's fees against St. Charles County for failure to make final payment of retainage to Systemaire pursuant to Section 34.057 . . . because Sections 34.057.1(4) and (8)(a) . . . authorized St. Charles County to require contractually that final retainage payment to Systemaire be made only upon provision of as-built piping schematics and labor and material warranties to St. Charles County, in that Systemaire never provided the schematics and warranties to St. Charles County.

We initially note that the Prompt Pay Act, Section 34.057, promotes timely payment of contractors, subcontractors, and suppliers on contracts with public owners for public works construction projects. Jerry Bennett Masonry, Inc. v. Crossland Const. Co., Inc., 171 S.W.3d 81, 89 (Mo. App. S.D. 2005). This law requires public owners and contractors to make prompt payments and limits amounts withheld as retainage. Id. The Prompt Pay Act is considered a remedial statute and therefore requires liberal interpretation. Id.

Section 34.057.1 provides:

. . . all public works contracts . . . shall provide for prompt payment by the public owner to the contractor . . . in accordance with the following:

(4) The public owner shall pay the retainage, less any offsets or deductions authorized in the contract or otherwise authorized by law, to the contractor after substantial completion of the contract work and acceptance by the public owner's authorized contract representative . . .. Such payment shall be made within thirty days after acceptance, and the invoice and all other appropriate documentation and certifications in complete and acceptable form are provided, as may be required by the contract documents. If at that time there are any remaining minor items to be completed, an amount equal to two hundred percent of the value of each item as determined by the public owner's representative shall be withheld until such items are completed;

(8) The public owner shall make final payment of all moneys owed to the contractor, less any offsets or deductions authorized in the contract or otherwise authorized by law, within thirty days of the due date. Final payment shall be considered due upon the earliest of the following events:

4

(a) Completion of the project and filing with the owner of all required documentation and certifications, in complete and acceptable form, in accordance with the terms and conditions of the contract.

Thus, the public owner must make final payment of all moneys owed to the contractor within thirty days of the due date. Leo Journagan Const. Co., Inc. v. City Utilities of Springfield, Mo., 116 S.W.3d 711, 725 (Mo. App. S.D. 2003). However, the final payment due date does not arrive until the project is complete or when the proper authority certifies that the project is complete and upon filing with the public owner of all documentation and certifications required by the contract in complete and acceptable form. Id.

If the contractor has not been paid within thirty days of the due date, the contracting agency shall pay the contractor, in addition to the payment due him, interest at the rate of one and one-half percent per month calculated from the expiration of the thirty-day period until fully paid. Section 34.057.1(5). Such interest and payment is due unless the contracting agency has a valid reason for withholding payment, which includes, but is not limited to:

liquidated damages; unsatisfactory job progress; defective construction work or material not remedied; disputed work; failure to comply with any material provision of the contract; third party claims filed or reasonable evidence that a claim will be filed; failure to make timely payments for labor, equipment or materials; damage to a contractor, subcontractor or material supplier; reasonable evidence that a subcontractor or material supplier cannot be fully compensated under its contract with the contractor for the unpaid balance of the contract sum; or citation by the enforcing authority for acts of the contractor or subcontractor which do not comply with any material provision of the contract and which result in a violation of any federal, state or local law, regulation or ordinance applicable to that project causing additional costs or damages to the owner.

5

Section 34.057.5. Further, no late payment interest shall be due and owing for payments or certifications that are withheld in good faith for reasonable cause pursuant to subsections 2 and 5 of this section. Section 34.057.6. However, if it is determined by the court that a payment which was withheld pursuant to subsection 5 of this section was not withheld in good faith for reasonable cause, the court may impose interest at the rate of one and one-half percent per month calculated from the date of the invoice and may, in its discretion, award reasonable attorney fees to the prevailing party. Id.

St. Charles County contends Systemaire was not entitled to partial summary judgment imposing penalty interest or attorney's fees because Sections 34.057.1(4) and (8)(a) specifically allowed it to delay final payment until all required documentation was provided by Systemaire to St. Charles County. St. Charles County contended Systemaire failed to comply with contractual conditions precedent for final payment and is not entitled to pursue interest and attorney's fees.

The resolution of this case depends in part on whether either of the alleged conditions precedent, i.e., the provision of the subcontractors' lien waivers or the provision of as-built piping schematics and labor and material warranties, were actually conditions precedent. In addition, if one or both is deemed a condition precedent, we must determine whether the condition precedent was fulfilled. The answer to these questions requires interpretation of the contract.

The interpretation of a contract is a question of law. St. Louis Title, LLC v. Talent Plus Consultants, LLC, 414 S.W.3d 24, 27 (Mo. App. E.D. 2013). The cardinal rule of contract interpretation is to ascertain the parties' intentions and to give effect to that intention. Care Center of Kansas City v. Horton, 173 S.W.3d 353, 355 (Mo. App.

6

W.D. 2005). Intent is to be determined from the contract alone and not based on extrinsic or parol evidence, unless the contract is ambiguous. Id. There is ambiguity present where, from the four corners of the contract alone, it appears that the terms are susceptible of more than one meaning so that reasonable persons may fairly and honestly differ in their construction of the terms. Keipp v. Keipp, 385 S.W.3d 470, 474 (Mo. App. W.D. 2012).

In a summary judgment case, when the resolution of a contract issue turns on the intentions of the parties, and parol evidence is necessary to show those intentions, a question of fact exists preventing summary judgment. Missouri Consol. Health Care Plan v. BlueCross BlueShield of Missouri, 985 S.W.2d 903, 908 (Mo. App. W.D. 1999). Where the language of the contract is found to be ambiguous, requiring parol evidence to determine the intent of the parties, the summary judgment should be reversed and the case remanded for further proceedings. Id.

In this case, the contract's payment schedule provides for the following:

[Systemaire] shall apply for the following payments during the execution of the contract. 90% of total contract value payable upon the installation and successful start-up of the (2) 500 Ton Outdoor Air-cooled Chiller and Pump System, near gate #4 of the Family Arena. 10% of total contract value payable upon satisfactory completion of the project. This includes receipt of all appropriate project closeout documents.

Thus, the receipt of the "project closeout documents" is the condition precedent to payment discussed above, and the question is which documents constitute the "project closeout documents," the subcontractors' lien waivers or the as-built piping schematics and labor and material warranties, or both.

St. Charles County's argument regarding the provision of the as-built piping schematics and labor and material warranties being the condition precedent is based upon the subsection in the contract entitled "Project Documentation," which provides:

> [Systemaire] shall provide two copies of all manufacturers' literature for each component of the Chiller and Pump System. Manufacturers' literature shall include installation, operation, service, and repair instructions for the equipment. [Systemaire] shall provide an as-built isometric piping schematic for the Chiller and Pump System with all system components clearly labeled on the schematic.

St. Charles County contends the documents identified in the "Project Documentation" subsection, the as-built piping schematics and labor and material warranties, are intended to be the "project closeout documents."

On the other hand, Systemaire alleges the "project closeout documents" in the payment schedule did not refer to the documents in the "Project Documentation" section, but rather referred only to the final lien waivers.

We note there is no subsection in the contract entitled "project closeout documents." Thus, there is substantial uncertainty regarding which documents constitute the "project closeout documents," as that term is not defined elsewhere in the contract.

Thus, we find it is unclear whether the term "project closeout documents" refers to the subcontractors' lien waivers or the as-built piping schematics and labor and material warranties. Thus, St. Charles County's reference to "project closeout documents" in the contract's payment schedule creates an ambiguity in the contract. As noted above, where the language of the contract is found to be ambiguous, requiring parol evidence to determine the intent of the parties, the summary judgment should be reversed and the case remanded for further proceedings.

Therefore, we find the trial court erred in entering partial summary judgment in favor of Systemaire and awarding penalty interest and attorney's fees against St. Charles County. Point granted.[5]

Lastly, we note Systemaire has filed a motion for attorney's fees on appeal. Given our finding above, we hereby deny Systemaire's motion for attorney's fees on appeal.

The judgment of the trial court is reversed and remanded for proceedings consistent with this opinion.

ROBERT G. DOWD, JR., Judge

Lawrence E. Mooney, P.J. and
Sherri B. Sullivan, J., concur.

---

[5] We further note that while St. Charles County allegedly improperly withheld payment from Systemaire, the trial court made no express determination that payment was not withheld in good faith for reasonable cause. In Essex Contracting, Inc. v. City of DeSoto, 815 S.W.2d 135, 139-40 (Mo. App. E.D. 1991), we dealt with a similar issue where the trial court imposed interest and costs, but made no specific determination that the payment was not withheld in good faith for reasonable cause. In that case, we found "[t]he implication that the court found a lack of good faith is present in the assessment of the interest and costs. However, absent a specific determination that that was indeed the case, and without a hearing on the matter of costs, we cannot affirm that portion of the court's order." Id. Similarly here, while the award of penalty interest and attorney's fees implies the trial court found St. Charles County did not withhold payment in good faith for reasonable cause, the trial court made no such finding. Thus, if, on remand, the case is resolved in favor of Systemaire, there must be an express determination St. Charles County did not act in good faith for reasonable cause for the trial court to award penalty interest and attorney's fees.

9