

# In the
# Missouri Court of Appeals
# Western District

TRUMAN MEDICAL CENTER, INC., )
)
Respondent, )
)
v. )
)
AMERICAN STANDARD INSURANCE ) WD79520
COMPANY, )
) OPINION FILED:
Appellant, )
) JANUARY 24, 2017
CHARLES FANNING, )
)
Respondent. )

**Appeal from the Circuit Court of Jackson County, Missouri
The Honorable Jennifer M. Phillips, Judge**

**Before Division Two: Lisa White Hardwick, Presiding Judge, Gary Witt, Judge, Anthony
Rex Gabbert, Judge**

American Standard Insurance Company of Wisconsin (American Standard) appeals the

circuit court's grant of summary judgment to Truman Medical Center, Inc. (Truman Medical) on

Truman Medical's First Amended Petition to Enforce Hospital's Lien Pursuant to Section

430.250, RSMo. 2000. American Standard argues that the court erred in granting a judgment

enforcing the lien because the lien was not a valid and enforceable lien under Section 430.240,

RSMo Cum. Supp. 2013, because the lien notice failed to include the name of the person alleged

to be liable to the injured person and, further, Truman Medical failed to perfect the alleged

hospital lien by supplementing the lien notice once the identity of the person alleged to be liable to the injured person became known. We affirm.

There is no dispute regarding the underlying facts. On November 19, 2013, Charles Fanning was involved in an automobile accident with a driver insured by American Standard. Fanning received treatment at Truman Medical for injuries he sustained as a result of the accident. He had outstanding medical bills in the amount of $4,347.02 arising out of that treatment. Fanning claimed that the injuries sustained and the resulting damages were caused by the negligence of American Standard's insured driver.

On the day of the accident, Fanning was interviewed by an agent of Truman Medical. Fanning advised the agent about his claim with American Standard, including the claim number, but he could not recall the name of the woman who collided with his vehicle, only saying "a lady" ran a stop sign. Truman Medical's attorney contacted American Standard on behalf of Truman Medical to verify the claim information prior to sending the hospital lien notice. There was apparently no discussion regarding the name of the "lady" who had insurance liability coverage through American Standard. On November 25, 2013, Truman Medical sent a written lien notice to American Standard regarding treatment it provided to Fanning for injuries sustained in the accident. The notice stated that the "name of the person or persons, firm or firms, corporation or corporations alleged to be liable to Charles Ray Fanning for the injuries received is unknown." No party disputes that Truman Medical was actually unaware at the time the lien notice was sent of the name of the woman alleged to have caused Fanning's injuries.

American Standard received Truman Medical's lien notice and matched it to the correct claim file. Fanning's attorney wrote to American Standard on April 22, 2014, making an offer to settle Fanning's claim for $25,000.00, citing the treatment at Truman Medical as related to the

2

accident. American Standard considered Fanning's medical bills from Truman Medical in evaluating Fanning's claim and when making an offer of settlement to Fanning. American Standard had a discussion with Fanning's attorney regarding the validity of Truman Medical's lien, and decided not to pay the lien because American Standard did not believe the lien to be valid. On or about June 20, 2014, American Standard settled Fanning's claim for $25,000.00. No portion of the settlement was paid by American Standard to Truman Medical for the medical services rendered to Fanning stemming from the accident associated with the settlement.

Truman Medical filed suit pursuant to Section 430.250 to enforce its lien. American Standard refused to honor the lien contending that the lien was invalid pursuant to Section 430.250. American Standard argued that Section 430.250 provides that a lien is only valid if the requirements of Section 430.240 are complied with, and Section 430.240 requires that the lien notice include the name of the tortfeasor alleged to be liable for the injuries the hospital provided services for; because Truman Medical's lien notice did not include the name of the lady whose collision with Fanning caused Fanning injuries, the lien was ineffective. Truman Medical disagreed and argued that Section 430.240 only requires designation of the tortfeasor if that person or entity was actually known at the time the lien notice was drafted.

Both Truman Medical and American Standard filed motions for summary judgment on stipulated facts. In its judgment the court indicated that the "sole legal question before this Court is the importance of the words 'if known' in R.S.Mo. § 430.240." The court ultimately concluded:

> While the statute is confusing as written, this Court reads R.S.Mo. § 430.240 to waive both the requirement to mail the lien notice of the allegedly liable party and the requirement to list the name of the allegedly liable party in the written notice. The inclusion of the phrase 'if known' recognizes that a hospital might have only partial information about a patient's accident. It seems the intent

3

of the inclusion of the phrase 'if known' was to excuse a hospital from including this information that it didn't know or could not know. Courts should presume that the legislature intended that every word, clause, sentence, and provision of a statute have effect. *Steven v. Residential Funding Corp.*, 334 S.W.3d 477, 498 (Mo. App. 2010). A hospital can only include information in a lien notice insofar as it has the information to include.

The circuit court granted Truman Medical's motion for summary judgment, denied American Standard's motion for summary judgment, and entered judgment in favor of Truman Medical and against American Standard in the amount of $4,346.02. American Standard appeals.

"The propriety of summary judgment is purely an issue of law" and, therefore, our review of a summary judgment is *de novo. ITT Commercial Fin. Corp. v. Mid-Am. Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993). We will affirm the circuit court's grant of summary judgment if no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law. *Id.* at 381.

We review questions of statutory interpretation *de novo. Ivie v. Smith*, 439 S.W.3d 189, 202 (Mo. banc 2014). Our primary rule of statutory interpretation is to give effect to the legislative intent as reflected in the plain language of the statute at issue. *Id.* We will look beyond the plain meaning of the statute only when the language is ambiguous or would lead to an absurd or illogical result. *Bateman v. Rinehart*, 391 S.W.3d 441, 446 (Mo. banc 2013).

> A statute is ambiguous when its plain language does not answer the current dispute as to its meaning. Ambiguities in statutes are resolved by determining the intent of the legislature and by giving effect to its intent if possible. When determining the legislative intent of a statute, no portion of the statute is read in isolation, but rather the portions are read in context to harmonize all of the statute's provisions. Rules of statutory construction are used to resolve any ambiguities if the legislative intent is undeterminable from the plain meaning of the statutory language.

*BASF Corp. v. Dir. of Revenue*, 392 S.W.3d 438, 444 (Mo. banc 2012) (internal citations and quotation marks omitted).

4

In its first point on appeal American Standard contends that the circuit court erred in granting summary judgment in favor of Truman Medical and against American Standard, and entering judgment against American Standard on Truman Medical's petition because Truman Medical did not have a valid and enforceable hospital lien under Section 430.240 in that it failed to include in the lien notice the name of the person alleged to be liable to the injured person. American Standard argues that the plain language of Section 430.240 requires notice by the hospital of the alleged tortfeasor.

Section 430.230 provides, in relevant part:

> Every public hospital or clinic, and every privately maintained hospital, clinic or other institution for the care of the sick, which is supported in whole or in part by charity, located within the state of Missouri . . . shall have a lien upon any and all claims, counterclaims, demands, suits, or rights of action of any person admitted to any hospital, clinic or other institution and receiving treatment, care or maintenance therein for any cause including any personal injury sustained by such person as the result of the negligence or wrongful act of another, which such injured person may have, assert or maintain against the person or persons causing such injury for damages on account of such injury, for the cost of such service, computed at reasonable rates not to exceed twenty-five dollars per day and the reasonable cost of necessary X-ray, laboratory, operating room and medication service, as such hospital, clinic, or other institution shall render such injured person on account of his conditions . . . .

Section 430.240 states:

> No such lien shall be effective, however, unless a written notice containing the name and address of the injured person, the date of the accident, the name and location of the hospital and the name of the person or persons, firm or firms, corporation or corporations alleged to be liable to the injured party for the injuries received shall be sent by certified mail with return receipt requested to the person or persons, firm or firms, corporation or corporations, if known, alleged to be liable to the injured party, if known, for the injuries sustained prior to the payment of any moneys to such injured person, his attorneys or legal representative, as compensation for such injuries. Such hospital shall send by certified mail with return receipt requested a copy of such notice to any insurance carrier, if known, which has insured such person, firm or corporation against such liability.

Section 430.250 provides:

5

Any person or persons, firm or firms, corporation or corporations, including an insurance carrier, making any payment to such patient or to his attorneys or heirs or legal representatives as compensation for the injury sustained, after the receipt of such notice in accordance with the requirements of section 430.240, without paying to such hospital the amount of its lien . . . shall have a period of one year, after such settlement is made known to the hospital, from the date of payment to such patient or his heirs, attorneys or legal representatives, as aforesaid, be and remain liable to such hospital for the amount which such hospital was entitled to receive, as aforesaid, and any such association, corporation or other institution maintaining such hospital may, within such period, enforce its lien by a suit at law against such person or persons, firm or firms, corporation or corporations making any such payment.

Truman Medical agrees with American Standard that "a very precise and technical reading of Section 430.240, using the rules of the English language" requires the name of the tortfeasor in the lien notice, but argues that a review of the entire statute in accord with its purpose reveals that this interpretation leads to absurd and illogical results. Truman Medical argues that this interpretation is illogical when construed with the mailing portion of the statute that clearly contemplates that the tortfeasor may be unknown.

We find that we need not decide the issue of whether Section 430.240 is internally inconsistent because, under a plain reading of the statute, Truman Medical complied with the notice requirements.

> The rules of statutory interpretation are not intended to be applied haphazardly or indiscriminately to achieve a desired result. Instead, the canons of statutory interpretation are considerations made in a genuine effort to determine what the legislature intended. This Court's primary rule of statutory interpretation is to give effect to legislative intent as reflected in the plain language of the statute at issue.

*Parktown Imports, Inc. v. Audi of Am., Inc.*, 278 S.W.3d 670, 672 (Mo. banc 2009). There can be no doubt that by including in Section 430.240 the requirement that the lien include "the name of the person or persons, firm or firms, corporation or corporations alleged to be liable to the

6

injured party for the injuries received" the legislature intended that the *identity* of those allegedly responsible be transmitted to the insurance company.

The statute uses the term "name" to express that the lien holder must "identify" the responsible party. *See*, WEBSTER'S NEW THIRD INTERNATIONAL DICTIONARY OF THE ENGLISH LANGUAGE UNABRIDGED 1501 (1993) (defining name as "a word or sound . . . by which an individual or class of individuals is regularly known or designated;" "a distinctive and specific appellation;" "designation or identifying expression."). First, by providing the claim number, Truman Medical did, in fact, include the name of the allegedly responsible party because that information is contained in the claim file. The facts of this case clearly establish that the claim number was sufficient to identify the name of the alleged tortfeasor. American Standard was able to pull up the claim and accident information when contacted by Truman Medical before the filing of the lien notice.

Further, if we apply the accepted definition of "name" to be synonymous with "identity," Truman Medical clearly identified the allegedly responsible party by identifying her by the designation actually used by American Standard. If anything, the inclusion of the claims number better identified to American Standard the responsible party than had the lien notice included only a name. As noted above, American Standard was able to use the claim number provided by Truman Medical to access the claim prior to the filing of the lien notice. By being able to use the claim number to access the information necessary to speak with Truman Medical's attorney, American Standard itself demonstrated that the number itself was a sufficient identifying name.

American Standard suggests two hypothetical situations believed to demonstrate that due process is not served without naming the tortfeasor in a lien notice. First, American Standard argues that a motor vehicle insurance policy might be issued to a

7

husband whose wife is expressly excluded under that policy due to a poor driving record. American Standard contends that, without the name of the tortfeasor, American Standard would not be able to determine if coverage existed for the accident and would have insufficient information to protect itself with respect to the claimed lien. First, as noted above, such cannot be the situation when a lien holder includes the claim number because it does sufficiently identify the tortfeasor in question. Further, the insurance carrier's responsibility to pay the hospital lien under Section 430.250 only attaches after the insurance company has already accepted liability and is settling the claim; at the point of settlement the insurance carrier has already made a determination as to coverage under a particular policy. The carrier ultimately settles a claim with a specified injured person for an injury caused on a particular date by one of its insureds. Having the name of the injured person and the particular date on which the injury occurred is sufficient information for the insurance company to make a determination as to the applicability of a hospital lien.

In its second hypothetical, American Standard argues that a tortfeasor might steal an insured's vehicle and become involved in an accident. Without the name of the tortfeasor, American Standard contends it would have no way of determining whether the accident involved American Standard's insured, a permissive driver, or if coverage is completely excluded. Again, this argument ignores the fact that the alleged tortfeasor was actually identified in this case as well as the realities of insurance coverage and claims. Our Supreme Court expressed in *Dutton v. American Family Mutual Insurance Company*, 454 S.W.3d 319, 324-325 (Mo. banc 2015), that Section 303.190 "concerns not which *individuals* are covered by an owner's policy but, rather, what *vehicles* are

8

covered by that policy." A typical automobile insurance policy insures a particular vehicle for the person named within the policy, as well as any other person whom that individual has given express or implied consent to use the vehicle. Thus, even in American Standard's hypothetical, American Standard would not settle with an injured party without first determining whether the policy covered the driver that caused the injury. This inquiry would take place regardless of whether a hospital submitting a lien notice supplied the name of the tortfeasor within that notice. Upon learning that the driver was not covered under the policy, American Standard would have no obligation to settle with the injured party for injuries sustained, and Section 430.250 would never be implicated.

Because, in this case, the alleged tortfeasor was identified in the lien notice by the inclusion of a claim number we need not decide whether Section 430.240's provision requiring the lien to include "the name of the person or persons, firm or firms, corporation or corporations alleged to be liable to the injured party for the injuries" renders the statute internally inconsistent with the "if known" provisions of that section. Instead, we find that the inclusion of a claims number in the lien notice was sufficient to comply with the identification requirements of Section 430.240. The statute is clear that the notice must contain the name and address of the injured person, the date of the accident, the name of the hospital, and the name of the entity alleged to be liable to the injured party. By including the claim number, this notice complied with those requirements. Because Truman Medical's lien notice complied with Section 430.240, it was valid as against American Standard. Point one is denied. As point one is dispositive of this appeal, we need not address American Standard's contention that Truman Medical

9

failed to perfect its hospital lien by supplementing the lien notice once the identity of the tortfeasor became known.

The circuit court did not err in granting a judgment enforcing Truman Medical's lien against American Standard because the lien was a valid and enforceable lien under Section 430.240 because the lien notice was directed to American Standard and identified the American Standard claim number which allowed for the identification of the tortfeasor. We affirm the circuit court's judgment.

_____
Anthony Rex Gabbert, Judge

All concur.