

# In the Missouri Court of Appeals
# Eastern District

## DIVISION FOUR

| | | |
|---|---|---|
| PENZEL CONSTRUCTION COMPANY, INC., | ) | No. ED110487 |
| | ) | |
| Respondent, | ) | Appeal from the Circuit Court of |
| | ) | Cape Girardeau County |
| vs. | ) | |
| | ) | Honorable Benjamin F. Lewis |
| JACKSON R-2 SCHOOL DISTRICT, | ) | |
| | ) | |
| Appellant. | ) | Filed: November 8, 2022 |

### Introduction

Jackson R-2 School District ("the District") appeals the judgment of the 32nd Judicial Circuit Court denying its motion for an order showing satisfaction of the original judgment obtained by Penzel Construction Company, Inc. ("Respondent"). The District raises three points on appeal. In Point I, the District argues the trial court erred in denying its motion for an order showing satisfaction of the judgment because the money they tendered to Respondent satisfied the plain and unambiguous meaning of the judgment. In Point II, the District argues the trial court erred in denying its motion for an order showing satisfaction of the judgment because the trial court impermissibly altered the judgment by effectively changing the rate of interest due. In Point III, the District argues the trial court erred in denying its motion for an order showing satisfaction of the judgment because neither the judgment nor the Prompt Pay Act provide for compound interest.

Because the trial court erroneously applied the law in interpreting the Prompt Pay Act to provide for compound penalty interest, we grant Point III. Because we grant Point III we grant Point I. Because Points III and I are dispositive, we decline to address Point II.

We reverse and remand.

**Factual and Procedural History**

This case comes to us for the third time. The District sought to build an addition to Jackson High School. As part of the bidding process, the District provided plans to Respondent, which in turn provided the plans to its subcontractor Total Electric, Inc. Neither Respondent nor Total Electric recognized errors in the plans. Total Electric submitted a $1,040,444.00 bid to Respondent for electrical work. On September 15, 2006, the District contracted with Respondent and Respondent subcontracted with Total Electric. The District notified Respondent it expected substantial completion within 550 days. Total Electric substantially completed its work significantly late and claimed the delay resulted from defects in the plans. The District refused to pay Respondent. *Penzel Constr. Co., Inc. v. Jackson R-2 Sch. Dist.* (*Penzel II*), 635 S.W.3d 109, 139 (Mo. App. E.D. 2021), *reh'g and/or transfer denied* (Aug. 23, 2021), *transfer denied* (Dec. 21, 2021).

Respondent sued the District for breach of contract and raised a claim under section 34.057 (the "Prompt Pay Act"),[1] arguing the District made an implied warranty the plans were adequate and complete and the defective plans harmed Total Electric. In July 2010, Total Electric authorized Respondent to pursue Total Electric's claims. Respondent filed an amended petition seeking damages for Total Electric and for Respondent's markup for overhead and profit caused by the defective plans provided by the District.

---

[1] All statutory citations are to RSMo (2000), unless otherwise indicated.

The trial court entered summary judgment for the District. On appeal, this court reversed and remanded in *Penzel Constr. Co., Inc. v. Jackson R-2 Sch. Dist.* (*Penzel I*), 544 S.W.3d 214 (Mo. App. E.D. 2017). On remand, a jury awarded Respondent $800,000.00 in damages. The trial court's judgment ("Judgment"), issued November 14, 2019, awarded Respondent: (1) the $800,000.00 principal; (2) nine percent annual pre-judgment interest beginning May 10, 2020; (3) Prompt Pay penalty interest "at the rate of one and one half percent (1½%) per month commencing May 10, 2010"; and (4) $630,884.00 in attorney's fees. The trial court assessed costs against the District. The trial court denied the District's post-trial motions for judgment notwithstanding the verdict and for a new trial. On appeal, this Court affirmed in *Penzel II*, 635 S.W.3d 109.

The District paid Respondent and Total Electric $4,585,762.94. The District asserts this amount includes the judgment principal, pre-judgment and post-judgment interest, attorneys' fees, costs, and Prompt Pay penalty interest calculated at one and a half percent per month in simple interest. On February 28, 2022, the District moved under Rule 74.11(c) for an order showing satisfaction of the Judgment.[2] On April 5, 2022, the trial court entered an order and judgment denying the District's motion. The trial court found the District had not satisfied the Judgment because the District calculated the Prompt Pay Act penalty in simple interest. The trial court reasoned the Prompt Pay Act provides for compounding penalty interest through its use of a monthly rather than an annual interest provision so the District's payment did not satisfy the Judgment.

This appeal follows.

---

[2] All Rule citations are to the Missouri Supreme Court Rules (2022), unless otherwise indicated.

**Standard of Review**

We review a trial court's ruling on a Rule 74.11(c) motion under the standard in *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). *McLean v. First Horizon Home Loan, Corp*., 369 S.W.3d 794, 799 (Mo. App. W.D. 2012) (citing *Rhodus v. McKinley*, 71 S.W.3d 191, 195 (Mo. App. W.D. 2002)). We will affirm the trial court's judgment unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Id*. We review questions of statutory interpretation *de novo. Truman Med. Ctr., Inc. v. Am. Standard Ins. Co*., 508 S.W.3d 122, 124 (Mo. App. W.D. 2017) (citing *Ivie v. Smith*, 439 S.W.3d 189, 202 (Mo. banc 2014)).

**Discussion**

Point III: Penalty Interest Under the Prompt Pay Act

We take Appellant's points out of order to ease our analysis. The District argues, in denying its motion for an order showing satisfaction of the Judgment, the trial court erred by adding an unexpressed provision of compound interest to the Judgment and to the Prompt Pay Act. The District argues the Judgment and the Prompt Pay Act provide only for simple interest, which the District paid in full.

The District argues the trial court erred in finding it granted compound interest not expressly stated in its Judgment. *Medlin v. RLC, Inc*., 467 S.W.3d 865, 869 (Mo. App. S.D. 2015). The District argues the Prompt Pay Act, under which the Judgment awarded penalty interest, is silent on compound interest and therefore provides only for simple interest. The District contends no case holds the Prompt Pay Act provides for compound interest and cites cases which reject attempts to read language into statutes or contracts. *Stoner v. Evans*, 38 Mo. 461 (Mo. 1866); *Wallemann v. Wallemann*, 817 S.W.2d 548, 549 (Mo. App. E.D. 1991). The

4

District argues it satisfied the Judgment because it paid Respondent "$1,691,346.54 for 'Prompt Pay penalty interest at the rate of one and one half percent (1½%) per month commencing May 10, 2010' for 140.945545 months from May 10, 2010, to February 7, 2022, on the principal sum of $800,000.00."

The District argues the trial court erroneously added a compound interest provision to the Prompt Pay Act despite its duty to interpret statutes according the language written by the legislature. *Peters v. Wady Indus., Inc.*, 489 S.W.3d 784, 792 (Mo. banc 2016). The District argues compound interest is disallowed because interest is not listed as subject to the statute's penalty provision. § 34.057.1(5). The District argues the Prompt Pay Act provides only for penalty interest "in addition to the payment due," to the exclusion of any other amounts including accumulated penalty interest. § 34.057.1(5). The "payment due" includes: "[E]stimates or invoices for supplies and services purchased, approved and processed, or final payments," but not interest. § 34.057.1(5).

Finally, the District argues Respondent's reliance on *City of Independence for Use of Briggs v. Kerr Construction Paving Company., Inc.*, for its assertion the Prompt Pay Act provides for interest compounding monthly is erroneous. 957 S.W.2d 315, 323 (Mo. App. W.D. 1997). The District argues the statement interest compounded monthly in *Briggs* was *dicta* because the Court's holding did not concern the proper Prompt Pay Act interest rate. The District suggests this statement was erroneous because the jury award in *Briggs* did not include compound interest. *Id.* The District argues no case has applied compound interest under the Prompt Pay Act but other cases have applied simple interest. *Fru-Con/Fluor Daniel Joint Venture v. Corrigan Bros., Inc.*, 154 S.W.3d 330 (Mo. App. E.D. 2004); *Env't. Prot., Inspection, & Consulting, Inc. v. City of Kansas City*, 37 S.W.3d 360 (Mo. App. W.D. 2000).

Respondent argues the District's claim has not been preserved because its interpretation of the Prompt Pay Act has been raised for the first time on appeal. *Cornerstone Mortgage, Inc. v. Ponzar*, 619 S.W.3d 524, 531 (Mo. App. E.D. 2021). Even if preserved, Respondent argues the District misinterpreted the Prompt Pay Act. Respondent argues "the statutory text permits a reasonable reading that if the withheld sum is not timely paid, the monthly interest is added to the withheld sum, i.e., the payment due, and the next month's interest accrues based on the total unpaid amount" and there are no statutory terms "to limit the monthly interest as accruing each month only on the originally withheld sum."

Noting we interpret statutes based on their plain language and that of related statutes, Respondent argues the legislature chose not to include terms limiting interest to "the original wrongly withheld sum," demonstrating an intent to impose a penalty rate that compounds each month. *State ex rel. T.J. v. Cundiff*, 632 S.W.3d 353, 357 (Mo. banc 2021); *State v. Sledd*, 949 S.W.2d 643, 646 (Mo. App. W.D. 1997). Respondent emphasizes Missouri's Prompt Pay Act provides for penalty interest monthly, unlike non-penalty statutes which provide for simple interest annually. *See* § 408.020; § 408.030.1; § 408.040.2; § 408.040.4. Respondent concludes the legislature "intentionally deviated from its typical per annum rate and elected to adopt a monthly rate for penalty interest," manifesting an intent to provide for compound interest in the Prompt Pay Act. Respondent quotes *X.P.E.L. by Next Friend C.T. v. J.L.L.*: "the legislature's use of different terms . . . is presumed to be intentional and for a particular purpose." 627 S.W.3d 592, 598 (Mo. App. E.D. 2021), *reh'g and/or transfer denied* (July 13, 2021), *transfer denied* (Aug. 31, 2021) (quoting *Jefferson ex rel. Jefferson v. Mo. Baptist Med. Ctr.*, 447 S.W.3d 701, 708 (Mo. App. E.D. 2014)).

Respondent argues we would render the legislature's deliberate use of monthly or annual terms superfluous if we find statutes provide for simple interest if they do not expressly provide for compound interest. *Nelson v. Crane*, 187 S.W.3d 868 (Mo. banc 2006). Respondent cites the statement in *Briggs* that Prompt Pay Act interest is compounded monthly. 957 S.W.2d at 323. Respondent argues there is a strong policy interest in providing for compound interest on withheld payments to contractors and we liberally construe the Prompt Pay Act. *Systemaire, Inc. v. St. Charles Cnty.*, 432 S.W.3d 783, 785–86 (Mo. App. E.D. 2014). Respondent cites foreign cases holding withheld payments warrant compound interest. *Brown v. Mountainview Cutters, LLC*, 222 F. Supp. 3d 504, 511 (W.D. Va. 2016); *Bowles v. United States*, 31 Fed. Cl. 37, 52 (1994).

*Analysis*

The District's argument has been preserved. In its motion for an order showing satisfaction of the trial court's Judgment, the District argued the language of the Prompt Pay Act did not provide for compound interest. This properly alerted the trial court of the District's argument and permits our review. *See, e.g.*, *Daniels v. Bd. of Curators of Lincoln Univ.*, 51 S.W.3d 1, 6 (Mo. App. W.D. 2001). We note the District violated Rule 84.04(e) in its failure to include in its appellate brief a preservation statement describing how its claims are preserved for appellate review.[3] *Hale v. Burlington N. & Santa Fe Ry. Co.*, 638 S.W.3d 49, 61 (Mo. App. S.D. 2021), *reh'g and/or transfer denied* (Dec. 27, 2021). Because the District's argument is readily understandable, we exercise our discretion to review its claim *ex gratia.* We cautiously exercise this discretion because each time we review a noncompliant brief *ex gratia*, we send an implicit message that substandard briefing is acceptable. It is not. *Scott v. King*, 510 S.W.3d 887, 892 (Mo. App. E.D. 2017).

---

[3] All Rule citations are to the Missouri Rules of Civil Procedure (2022), unless otherwise indicated.

We agree with the District the Judgment does not in its terms award compound Prompt Pay penalty interest. The Judgment awards "Prompt Pay penalty interest "at the rate of one and one half percent (1½%) per month . . . ." It is a trial court's prerogative to enforce its own judgment. *McLean*, 277 S.W.3d at 876 (citing *SD Invs., Inc. v. Michael-Paul, L.L.C.*, 157 S.W.3d 782, 786 (Mo. App. W.D. 2005)). This power is limited to enforcing the judgment as originally rendered. *SD Invs., Inc.*, 157 S.W.3d at 786 (citing *Mo. Hosp. Ass'n v. Air Conservation Comm'n of State of Mo.*, 900 S.W.2d 263, 267 (Mo. App. W.D. 1995)). The Judgment's language mirrors the statutory language in the Prompt Pay Act, nothing more. Therefore, if the District owes compound interest, this obligation must be found in the Prompt Pay Act.

The primary rule of statutory interpretation is to give effect to legislative intent as reflected in the plain language of the statute. *Truman Med. Ctr., Inc.*, 508 S.W.3d at 124 (citing *ITT Com. Fin. Corp. v. Mid-Am. Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993)). We look beyond the plain meaning of the statute only when the language is ambiguous or would lead to an absurd or illogical result. *Truman Med. Ctr., Inc.*, 508 S.W.3d at 124 (citing *Bateman v. Rinehart*, 391 S.W.3d 441, 446 (Mo. banc 2013)). A statute is ambiguous when its plain language does not answer the current dispute as to its meaning. *Truman Med. Ctr., Inc.*, 508 S.W.3d at 124 (citing *BASF Corp. v. Dir. of Revenue*, 392 S.W.3d 438, 444 (Mo. banc 2012)).

As relevant here, the Prompt Pay act provides:

(5) All estimates or invoices for supplies and services purchased, approved and processed, or final payments, shall be paid promptly and shall be subject to late payment charges provided in this section. Except as provided in subsection 4 of this section, if the contractor has not been paid within thirty days as set forth in

8

subdivision (1) of subsection 1 of this section, the contracting agency shall pay the contractor, in addition to the payment due him, interest at the rate of one and one-half percent per month calculated from the expiration of the thirty-day period until fully paid; . . . .

(7) If the contractor, without reasonable cause, fails to make any payment to his subcontractors and material suppliers within fifteen days after receipt of payment under the public construction contract, the contractor shall pay to his subcontractors and material suppliers, in addition to the payment due them, interest in the amount of one and one-half percent per month, calculated from the expiration of the fifteen-day period until fully paid. This subdivision shall also apply to any payments made by subcontractors and material suppliers to their subcontractors and material suppliers and to all payments made to lower tier subcontractors and material suppliers throughout the contracting chain;

§ 34.057.1(5), (6). To promote timely payment of contractors, subcontractors, and suppliers on contracts with public owners for public works construction projects, the Prompt Pay Act "allows courts to impose late payment interest of 1.5% per month" on top of payments withheld in bad faith. *Env't Prot., Inspection, Consulting, Inc. v. City of Kansas City*, 37 S.W.3d 360, 369 (Mo. App. W.D. 2000). The statute is silent as to whether it calls for simple or compound interest. Simple interest is interest computed solely on principal. *Wallemann*, 817 S.W.2d at 549 (citing *Vaughn v. Graham*, 121 S.W.2d 222, 226 (Mo. App. E.D. 1938)). Compound interest is interest upon interest, where accrued interest is added to the principal sum and the whole treated as a new principal for the calculation of interest for the next period. *Wallemann*, 817 S.W.2d at 549 (citing *Vaughn*, 121 S.W.2d at 226–27).

"This Court must be guided by what the legislature said, not by what the Court thinks it meant to say." *Metro Auto Auction v. Dir. of Revenue*, 707 S.W.2d 397, 401 (Mo. banc 1986) (citing *Mo. Pub. Serv. Co. v. Platte-Clay Elec. Coop.*, 407 S.W.2d 883, 891 (Mo. 1966)). We must give effect to statutes as written and cannot add provisions which do not appear either explicitly or by implication. *Knight by & Through Knight v. Knight*, 609 S.W.3d 813, 823 (Mo. App. W.D. 2020), *transfer denied* (Aug. 27, 2020), *transfer denied* (Nov. 24, 2020) (citing *Garza v. Valley Crest Landscape Maint., Inc.*, 224 S.W.3d 61, 64 (Mo. App. E.D. 2007)). We note that Respondent's quotation from *X.P.E.L.* is incomplete. The full quotation provides the "legislature's use of different terms . . . is presumed to be intentional and for a particular purpose, *and we cannot simply insert terms that the legislature has omitted under the pretense of statutory construction.*" *X.P.E.L.*, 627 S.W.3d at 598 (quoting *Jefferson*, 447 S.W.3d at 708) (emphasis added). We decline to add an unexpressed compound interest provision to the Prompt Pay Act.

We are unpersuaded by Respondent's position we should interpret the Prompt Pay Act to provide for compound interest simply because it provides for monthly interest. Respondent concedes "the statute upon which the judgment language relies" does not "say expressly that the penalty interest shall be simple or compound[.]" Respondent also concedes courts have held the plain meaning of "annual interest" in our statutes means simple interest. *Lucas v. Cent. Mo. Tr. Co.*, 162 S.W.2d 569 (Mo. banc 1942). Respondent correctly notes we give meaning to the deliberate word choices of the legislature but provides no authority suggesting compounding interest is related to time periods. We can see the legislature's intent and particular purpose without adding an unexpressed compound interest provision to the Prompt Pay Act. One and a half percent interest per month totals eighteen percent per year, significantly higher than the annual interest rates in the statutes cited by Respondent. The interest awarded by the legislature

10

in the Prompt Pay Act is a penalty amount to fulfill its public policy purpose to promote prompt payment. *Env't Prot., Inspection, Consulting, Inc.,* 37 S.W.3d at 369. Respondent is asking us to do what we cannot do, add a provision to the statute which does not explicitly, or by implication, appear within it. *Knight*, 609 S.W.3d at 823. The plain meaning of "per month" is no different than the plain meaning of "per annum," other than the obvious time frame. We hold the interest called for in the Prompt Pay Act is simple interest.

We acknowledge the statement of the Western District in *Briggs* that the Prompt Pay Act provides for interest "compounded monthly." *Briggs*, 957 S.W.2d at 323. In support, the Court provided a footnote stating, without elaboration, "[t]he statute refers to the penalty as being 'one and one-half percent per month.'" *Id.* at 326 n.4. The parties agree the compound interest comment in *Briggs* is *dicta* — a gratuitous opinion, unessential to the Court's decision of the issue before it. *Husch & Eppenberger, LLC v. Eisenberg*, 213 S.W.3d 124, 132 (Mo. App. E.D. 2006) (citing *Richardson v. QuikTrip Corp.*, 81 S.W.3d 54, 59 (Mo. App. W.D. banc 2002)). *Dicta* is not binding. *Husch & Eppenberger, LLC*, 213 S.W.3d at 132 (citing *McPherson v. U.S. Physicians Mut. Risk Retention Grp.*, 99 S.W.3d 462, 484 (Mo. App. W.D. 2003)).

The *Briggs* Court discussed several portions of the statute before concluding disputes under the Prompt Pay Act must be in good faith to present a valid defense under the statute. *Briggs*, 957 S.W.2d at 324. Respondent points out "the decision in *Briggs* does not state whether the jury was instructed to compound the penalty interest monthly and failed to do so" and the Court "was not asked to validate whether the jury properly calculated the penalty interest." Respondent states "there is no indication in the opinion that the court even attempted to dissect how the jury reached its dollar award for penalty interest." The Court provided no discussion as to whether the jury awarded simple or compound interest. *Id.* at 325. Because the Western

11

District's statement regarding the Prompt Pay Act's penalty interest "compounded monthly" was not essential to its holding, it is non-binding *dicta*. We distinguish our holding from the *Briggs dicta* on compound interest because we directly address whether Prompt Pay interest is simple or compound. *Briggs* did not.

Because neither the trial court's Judgment nor the Prompt Pay Act provide for compound interest, the trial court erred in determining the District owed Respondent compound interest under its Judgment.

Point III is granted.

### Point I: Satisfaction of the Judgment

The District argues the trial court's Judgment plainly provides for penalty interest of one and one half percent per month beginning May 10, 2010. The Judgment does not provide for compound interest and cannot be expanded beyond its terms. The Prompt Pay Act, referenced by the Judgment, does not provide for compound interest, either. Respondent argues the trial court acted within its authority in interpreting its Judgment and the Prompt Pay Act to determine the District must pay compound penalty interest to satisfy the Judgment.

Because the parties agree the Judgment mirrors the Prompt Pay Act, their meaning is the same. As explained in Point III, the plain language of the Prompt Pay Act requires simple interest. To the extent the trial court's denial of the motion for satisfaction of the Judgment is due to a misinterpretation of the Prompt Pay Act, the trial court erroneously applied the law.

Point I is granted.

**Conclusion**

We reverse and remand for proceedings consistent with this opinion. Because Points III and I are dispositive, we decline to address Point II.

_____
Philip M. Hess, Judge

Kelly C. Broniec, P.J. and
James M. Dowd, J. concur.

13